Downey *v.* Smith.

ALEXANDER DOWNEY, Appellant, *v.* DANIEL F. SMITH, Appellee.

APPEAL FROM JO DAVIESS.

The terms of a court fixed by law, are nevertheless terms, whether there is any judge to hold the court or not.

A declaration must be filed ten days before the second term of the court, or the defendant will be entitled to a judgment, as in case of a nonsuit; the omission to hold the court for any cause does not change this right.

THIS suit was commenced in August, A. D. 1850, by a *capias*, on which the defendant was arrested, and released from custody by giving bail; at the October term no declaration was filed, and the cause was continued; no courts were actually held until the next August thereafter. A declaration was filed on the 31st day of July, 1851. At the next term after the filing of the decla-

ration, a motion was made for a judgment, as in case of nonsuit, or in other words, to dismiss the suit, because no declaration had been filed before the second term of the court, three terms having intervened between the filing of the precipe and suing out the *capias* and the making of the motion, although only one court had been held by the judge. The October, March, and May terms of the court intervened. It is thought the court erred in overruling the motion to dismiss the suit, three terms having intervened between the filing of the declaration and the suing out of the *capias*, and this is the error assigned, upon which reliance is had. Did the court err? The reasons assigned by the court are, that no court was actually held, and therefore there was no term of court.

The judgment appealed from was rendered by SHELDON, Judge, at November term, 1851. A writ of inquiry was awarded, the defendant having filed a plea of the general issue, which had been withdrawn.

HIGGINS & STROTHER, for appellant.

T. L. DICKEY and E. LELAND, for appellee.

TRUMBULL, J. This was an action of trespass commenced at the October term, 1850, of the Circuit Court of Jo Daviess county. The process was served September 13, 1850. No declaration was filed in the case till July 31, 1851. At the August term following, three terms of the court having in the mean time intervened, though one only had been actually held, the defendant moved to dismiss the cause because no declaration had been filed before the second term of the court after the commencement of the action.

· This motion the Circuit Court denied, and its denial presents the only question in the case.

It is insisted that sect. 8 of the practice act, Rev. St. 414, does not require a suit to be dismissed at the second term for want of a declaration, unless the case has been continued at the first term at plaintiff's cost, on motion of the defendant, for such omission.

Downey v. Smith.

The language of the statute is, " If no declaration shall be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of a nonsuit," and this clause has no such connection with the preceding part of the section as to limit it to cases in which the cause has been continued over the first term on motion of the defendant at plaintiff's cost. The plaintiff surely has no reason to complain that the continuance over the first term was not granted at his cost, or on defendant's motion. ↔ The object of the statute is to hasten proceedings, and not allow a plaintiff to keep a defendant attending on court from term to term without apprising him of the nature of the complaint against him. The time intervening between the terms of the circuit courts, usually six months, is abundantly sufficient to afford a party an opportunity to file a statement of his cause of action, and if he will not do so in that length of time, it is but a just punishment for his neglect that his suit should be dismissed.

It is also insisted that the " second term," as used in the statute, means the second term which is held. Such is not a proper construction of the act. The terms of court are fixed by law, and provision is made that if the judge fail to attend " by four o'clock in the afternoon of the second day of the term, the court shall stand adjourned until the next succeeding term of the court," and that all suits, &c., shall stand continued over until the next term as effectually as if the same had been continued by the order of the court. Rev. St. ch. 29, § 42.

For many purposes, as, for instance, for the suing out and return of process, the filing of declarations, &c., a time appointed by law for the holding of a court is just as much a term as if it were actually held. Must a party wait to see whether the court is actually held, before he can venture to sue out process returnable to it? This would involve an absurdity, for no ordinary action can be commenced returnable to a court then in session. The law requires a party to file his declaration ten days before the term of the court. He cannot at that time know whether the court will be held or not, and he has no right to wait till the time for holding the court arrives ; and then, if for any cause it is not held, make the omission to hold it an excuse for not having per-

formed an act which the law required to be done ten days before the time when the court could have been opened.

In our view of the law, it is quite immaterial whether there was any judge to hold the court or not. The legislature having appointed terms of the court to be held in Jo Daviess county in March and May, they did not cease to be terms by the failure to provide a judge to hold them.

The judgment of the Circuit Court is reversed.

*Judgment reversed.*