24 623
28a 593

MARTIN COLLINS, Plaintiff in Error, *v.* ELIJAH G. TUTTLE *et al.,* Defendants in Error.

ERROR TO McLEAN.

The eighth section of the Practice Act applies to actions commenced by attachment.

A plaintiff who has not filed his declaration ten days before the term, is not entitled to a default at that term. The defendant may appear and apply for a continuance at plaintiff's cost, but if he does not make the application, the case should be continued under the general rule, and the costs will abide the final result of the suit.

THIS was an attachment suit, commenced in McLean Circuit Court, by defendants in error against plaintiff in error, as a non-resident.

On the 2nd June, a writ of attachment issued and was levied on real estate, and a return of " not found " as to plaintiff in error. And at the June term of said Circuit Court, the cause was continued.

At the September term following, defendants in error made proof of publication of notice to plaintiff in error, and on motion, were allowed to file a declaration.

The next day they filed their declaration in proper form, with copy of the instrument sued on, and the Circuit Court, DAVIS, Judge, rendered judgment against plaintiff in error by default.

SWETT & ORME, for Plaintiff in Error.

N. H. PURPLE, for Defendants in Error.

CATON, C. J. We said, in *White* v. *Hague*, 18 Ill. R. 150, that the 8th section of the Practice Act applies to actions commenced by attachment, and we still entertain that opinion ; and the only question left which we propose to consider is, whether the plaintiff who did not file his declaration ten days before the

Collins *v.* Tuttle et al.

term, may take a default against a defendant who has been served or had constructive notice, which is equivalent to the service of a summons, ten days before the term, and who does not appear. That section provides: " If the plaintiff shall not file his declaration, together with a copy of the instrument of writing or account on which the action is brought, in case the same be brought on a written instrument or account, ten days before the court at which the summons or capias is returnable, the court, on motion of the defendant, shall continue the cause at the costs of the plaintiff, unless it shall appear that the suit was commenced within ten days of the sitting of the court, in which case the cause shall be continued without costs, unless the parties shall agree to have a trial, and if no declaration shall be filed ten days before the second term of. the court, the defendant shall be entitled to a judgment, as in case of non-suit."

Here the defendant did not appear and ask to have the cause continued at the plaintiff's costs, but the plaintiff took judgment by default. The statute does not, in terms, declare what shall be done in such a case, when the defendant does not appear, but we have to determine that by construction of what is written, and it is a little remarkable that this question has never before been brought before this court. We do not think it was the intention of the legislature, to allow the plaintiff to take a default in case of non-appearance of the defendant. He ought not, upon principle, to be allowed to take a default till he has attained such a standing in court as would entitle him to proceed coercively, against the defendant. There was certainly some object in requiring the declaration to be filed ten days before the term, and that object could only have been to give that time to the defendant, to determine whether he has a defense to the declaration, and to prepare to make it. If the declaration is not thus filed, the defendant is not bound to pay any further attention to the case at that term. He is not bound to dance attendance upon the clerk's office during all these ten days, and then during the term itself, to see if a declaration is filed during that term, and if it is, to employ counsel to get the cause continued. True, he may do so, and if he does, he may throw the costs of the term upon the plaintiff, but he may, on the other hand, allow it to take its course, and stand continued under the general order, when the costs of the term would abide the final result of the cause. This we believe to be 'the true construction of the statute, and therefore reverse the judgment, and remand the cause.

*Judgment reversed.*