JAMES W. HERRING

*v.*

BENJAMIN F. QUIMBY *et al.*

1. PRACTICE — *time of filing declaration*. The latter clause of section eight, of the "Practice" act, which requires a declaration to be filed ten days before the "second term of the court," after the issuing of the summons or capias, does not refer, necessarily, to the *first* process in the cause, but refers to the process which may be actually served on the party, though that be an *alias* or *pluries*, or subsequent writ.

2. If a defendant enter his appearance in a cause at the first term after the commencement of the suit, and desire to see the declaration, though not served with process, the court, in its discretion, may order the plaintiff to file his declaration within a reasonable time.

WRIT OF ERROR to the Circuit Court of Cook county, the Hon. GEORGE MANIERRE, Judge, presiding.

This was an action on the case, commenced to the September term, 1860, of the Circuit Court, by Quimby and Low against Herring. The original summons in the cause, bearing teste the 12th day of July, 1860, was returned August 31st, 1860, "not found."

10

Three days prior to the commencement of the October term, 1860, which was the next term succeeding that to which the original summons was made returnable, the plaintiffs below filed their declaration.

On the 17th day of May, 1861, an *alias* summons was issued, which was served upon Herring on the same day. The cause was continued from term to term, until the 6th day of July, which was in the June term, 1861 ; when a default was taken, a jury called to assess damages, and final judgment entered against the defendant below; and upon that judgment he prosecutes this writ of error, insisting that the Circuit Court should have entered a non-suit against the plaintiffs in that cause, instead of a default and judgment against the defendant, for the reason that the declaration was not filed ten days before the second term after the suit was commenced.

Messrs. KING & KALES, for the plaintiff in error, insisted that inasmuch as the declaration was not filed ten days before the commencement of the October term, 1860, the Circuit Court, instead of rendering a judgment in favor of the plaintiffs below, should have rendered a judgment against them, as in case of a non-suit.

Mr. MELVILLE W. FULLER, for the defendants in error.

This case involves the construction of the eighth section of the "Practice" act, Rev. Stat. 1845, p. 414, (Scates' Comp. 253,) the concluding part of which declares that "if no declaration shall be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of a non-suit."

"The object of the statute," said Mr. Justice TRUMBULL, in *Downey* v. *Smith*, 13 Ill. 673, "is to hasten proceedings, and not allow the plaintiff to keep a defendant attending on court from term to term, without apprising him of the nature of the complaint against him."

This object is fully attained by the construction that the statute was intended to apply to cases where there has been *service of process*.

It would not "hasten" the proceedings for the plaintiff to file his declaration, when the defendant is not in court by service of process or otherwise, and may never be brought in to answer it.  But, in point of *fact*, this declaration *was* filed to the second term after the original summons was issued; the complaint, however, is, that it was not filed *ten days* before that term.

Now, the object in requiring the declaration to be filed ten days before the term, " could only have been," said Chief Justice CATON, in *Collins* v. *Tuttle*, 24 Ill. 623, " to give that time to the defendant to determine whether he has a defense to the declaration, and to prepare to make it."

The reason of the rule, then, would give it application only in case the defendant were before the court, by *service of process;* it could not apply when he was not in court at all.

The common law rule, as laid down in 1 Tidd's Prac., Ch. 17, p. 418, warrants the same conclusion.

It is insisted then, that when the statute declares that the declaration must be filed ten days before the "second term," it does not necessarily mean the term of the court next after that to which the original summons was made returnable, but may mean the "second term" after service of process.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

This action was commenced to the September term, 1860. The declaration was filed but three days before the October term, which was the next succeeding term.  The first summons was returned in October, not served.  The cause was continued from term to term, till the 6th of July, which was in the June term, 1861, when a default was taken.  In the meantime an *alias* summons was issued, returnable to the May term, which was served on the defendant.  The complaint is, that the court should have non-suited the plaintiffs instead of defaulting the defendant.  This is the statute relied upon : " If the plaintiff shall not file his declaration, together with a copy of the instrument of writing or account on which the action is brought, in case the same be brought on a written

instrument or account, ten days before the court at which the summons or capias is made returnable, the court, on motion of the defendant, shall continue the cause at the cost of the plaintiff, unless it shall appear that the suit was commenced within ten days of the sitting of the court; in which case the cause shall be continued without costs, unless the parties shall agree to have a trial. And if no declaration shall be filed ten days before the second term of the court, the defendant shall be entitled to a judgment, as in case of non-suit. The plaintiff in error relies upon the last clause of the statute, to show that the court should have non-suited the plaintiffs instead of defaulting the defendant.

In *Collins* v. *Tuttle*, 24 Ill. 623, we have already decided, that under the first member of the statute quoted, the defendant need not appear in court and make a motion for a continuance of the cause, but that if he does not appear, it is the duty of the court to continue it under the general order, but without giving costs to the defendant. This would seem to reduce the inquiry to the question, What event is referred to, after which the second term shall occur, ten days before which the declaration shall be filed? There can be no doubt that the same event is referred to in this last clause as in the first, which requires the declaration to be filed ten days before the first term of the court, to save a continuance. That event is the issuing of the summons or capias. The language is: " ten days before the term at which the summons or capias is made returnable." What process is here referred to? Is it the first process in the cause, though that may not be served, or is it the one which is actually served on the party, though that be an *alias* or *pluries* or subsequent writ? We may apply the language to either, and should apply it to the one which will best subserve the objects of the statute, for we may safely assume that that was the one intended by the legislature. In *Downey* v. *Smith*, 13 Ill. 671, we said : "The object of the statute is to hasten proceedings, and not allow a plaintiff to keep a defendant attending on court, from term to term, without apprising him of the nature of the complaint against him." If this be the object of the law, and this will

not be doubted, then, beyond all question, the process referred to, is the one which is served on the defendant. No fitter case than the one at bar could be found to illustrate this. The action was commenced to the September term. Three days before the next, the October term, the declaration was filed. The writ which was served on the defendant, was returnable to the May term following, the January term having intervened, and the default was not taken till the June term following. Now, what delay or inconvenience could have occurred to the defendant because the declaration was not filed ten days before the October term, when he was not required to appear and answer it till the May following? None, of course. It may be said that he might have heard of the pendency of the action, and entered his appearance, and thus hasten the proceeding. He might have entered his appearance even at the first term, and if desirous of seeing the declaration, the court, in its discretion, might have ordered the plaintiff to file the declaration in a reasonable time. But all these speculations are vain and foreign to the inquiry, for they do not teach us which writ is intended by the statute. That we must learn by studying the objects and purpose of the law, and these we have seen are best subserved by taking the one upon which the defendant is brought into court, and hence this declaration was filed in time.

The judgment is affirmed.

*Judgment affirmed.*