# John W. Smith
## v.
# August Grapple.

DISCRETION OF TRIAL COURT.—It is only in case of a plain and palpable abuse of the trial court's discretion in not granting a motion to vacate an order of dismissal that an appellate court will interfere.

APPEAL from the County Court of Will county; the Hon. C. B. GARNSEY, Judge, presiding. Opinion filed December 4, 1885.

Messrs. HALEY & O'DONNELL, for appellant.

Mr. C. W. BROWN, for appellee.

LACEY. P. J. This case was originally commenced before a justice of the peace, and upon a trial before the justice judgment was rendered against appellant for $11 and costs of suit, from which judgment appellant, being the plaintiff before the justice, took an appeal to the county court, whereupon, afterward, on the 25th day of November, A. D. 1884, the said appeal was dismissed for the want of prosecution, the case having been set for trial by the county court on that day, and upon the cause being called for trial, and the appellee appearing with his witnesses, and appellant not appearing, the appeal was dismissed by the county court. Upon the 28th day of same month the appellant moved the county court to vacate the order of dismissal and set aside the judgment for costs, which motion the court overruled.

The motion was based upon appellant's own affidavit, and that of P. C. Haley and E. Meers, two attorneys. The affidavit of appellant, by the way of showing merits, sets up that the appellee occupied a farm belonging to appellant in Will county, as tenant, from March 1, 1881, to March 1, 1884, under a written lease between them, and that on account of the failure of

appellee to comply with the terms of the lease he commenced suit against him, and that after allowing the defendant all of his just deductions, credits and set-offs, he had, and then had, a meritorious claim against the defendant for at least $55. By way of showing diligence in prosecuting the appeal, the affidavits show that the firm of Haley and O'Donnell had, prior to the trial before the justice of the peace, been the usual attorneys of appellant, to attend to all his legal business requiring a lawyer, with the exception of this case.

That on the trial before the justice of the peace, Haley and O'Donnell having been retained by Smith to try the cause before the justice of the peace, and failing to do so on account of the absence of O'Donnell and the engagement of Haley in another cause, Meers, at Haley's suggestion, was employed to try it. That after the trial and appeal, Meers deemed his connection with the case at an end, and Haley and O'Donnell thinking that Meers was employed in the case for the county court, and appellant thinking Haley and O'Donnell would attend to it, no one appeared in the county court, which accounted for the default. Appellant never had any conference with either Haley and O'Donnell, or Meers, in which he distinctly employed them or requested them, or either of them, to take charge of the case in the county court, although he says he talked with Haley about the suit and supposed he was retained.

It is claimed by counsel for appellant that the county court abused its discretion in not granting the motion, and for that reason the judgment of the court below should be set aside and reversed.

We are of the opinion that there is no such abuse of discretion in the matter as would warrant this court in interfering. As a general rule the trial court has a legal discretion to grant or not a motion of this kind, and it is only in case of plain and palpable abuse where the appellate court will interfere with such discretion. The appellant was clearly negligent in not employing some one of the attorneys or some attorney to attend to the suit for him, or in not looking after it himself. He may have been in good faith enough in supposing Haley

and O'Donnell were attending to the case without special contract, or a general one that would cover such employment, of which there is no claim.

The law will not excuse appellant's ignorance or inattention, whichever it may have been. Besides, the appellant's affidavit does not set up and detail facts from which the court could have seen that he had a just cause of action. Nothing more appears than that he claimed that there was a breach of covenant of the lease on appellee's part on account of which he had a just demand against appellee for $55, without showing what the covenant broken was, and how he sustained the damages. On both grounds we think the county court was justified in overruling the appellant's motion and that there was no abuse of its discretion. Constantine v. Wells, 83 Ill. 192.

The judgment of the court below is therefore affirmed.

Judgment affirmed.