## JOSEPH LAMBERT
### v.
## THEODORE JONTE.

*Sheriff—Special Deputy—Undated Appointment—Sec. 10, Chap. 125, R. S.—Action of Debt on Judgment—Want of Copy—Sec. 17, Practice Act —Default—Reversal—Practice.*

1. The record of a judgment upon which a suit is brought is an instrument in writing within the meaning of Sec. 17 of the practice act, and a copy thereof must be filed with the declaration. The absence of such copy is sufficient ground for the reversal of a judgment entered by default.

2. It seems that a date to the written appointment of a special deputy sheriff is not indispensable, where it appears that the appointment preceded the service made by such deputy.

[Opinion filed May 25, 1888.]

IN ERROR to the Circuit Court of Cumberland County; the Hon. W. C. JONES, Judge, presiding.

Mr. W. S. EVERHART, for plaintiff in error.

Mr. HORACE S. CLARK, for defendant in error.

PLEASANTS, J.   Action of debt on a judgment of the same court. Judgment herein was rendered by default and the defendant brings the record here by writ of error.

He asks for a reversal on two grounds: First, that the appointment of the special deputy who served the summons was not dated. The statute authorizes the appointment of a special deputy to serve any summons by indorsement thereon substantially in the form prescribed, " which shall be dated and signed by the sheriff." R. S., Chap. 125, Sec. 10. It is claimed that a strict observance of this requirement as to dating is essential.

Manifestly the object of it is to have it appear to the court that the service followed the appointment, as it must in order

to give jurisdiction of the defendant's person. Neither the particular date nor the form in which it is stated can be material; nor does the statute declare the effect or consequence of its omission by the sheriff.

In this case it does not certainly so appear from the papers. The return, however, follows the appointment in the order of indorsement, and shows the service was made by the appointee as "deputy sheriff," and his affidavit appended states that he made it "as appears in the return," which would be perjury, if false, and punishable accordingly. (Sec. 11.)

Regarded as a mere question of fact, then, we should have no doubt upon the evidence thus furnished by the sheriff and his appointee, taken together, in writing and on the writ, substantially equivalent to that of a date given, that the appointment did precede the service; and since the judgment recites that the defendant was duly served with process, and nothing in the record contradicts the recital, we should not be disposed to hold the appointment absolutely void for the want of a date, and the service therefore insufficient. But upon this point it is deemed unnecessary to express a decided opinion, inasmuch as the judgment will be reversed upon the other ground urged.

It appears that this suit was commenced, the service had, and the declaration filed, ten days before the court at which the summons was made returnable, and that the declaration counted on a judgment alleged to have been rendered in 1877; but that no copy of the record of that judgment was filed with it.

That such record is an "instrument in writing on which the action is brought," within the meaning of Sec. 17 of the Practice Act, is settled by the case of Jefferson v. Alexander, 84 Ill. 278. See also Hopkins v. Woodward, 75 Ill. 65. And that section provides that, "if the plaintiff shall not file his declaration, together with a copy of the instrument in writing * * * on which the action is brought, in case the same be brought on a written instrument, * * * ten days before the court at which the summons * * * is made returnable, the court, on motion of the defendant, shall con-

Lambert v. Jonte.

tinue the cause at the cost of the plaintiff, unless it shall appear that the suit was commenced within ten days of the sitting of the court, in which case the cause shall be continued without costs, unless the parties shall agree to have a trial."

In Collins v. Tuttle, 24 Ill. 623, where the declaration and copy of the instrument sued on were not filed, though service of process was had ten days before the term, the Supreme Court held it was error to render judgment by default; that in such case appearance or motion of the defendant was not required in order to have a continuance of the cause, but only to have it continued at the cost of the plaintiff. And in Herring v. Quimby, 31 Ill. 153, which was an action on the case and not upon a written instrument, the same rule was held applicable on failure to file the declaration in proper time, and the former case was approved.

Where the action is brought upon a written instrument the statute puts the copy of that instrument in the same category with the declaration, and the consequence of a failure to file both in proper time is expressly declared to be the same as of failure so to file the declaration where the action is not brought upon an instrument in writing. That the requirement applies to the copy was specifically decided in Jefferson v. Alexander, *supra.*

For the reason, then, that it was not so filed in this case the judgment will be reversed and the cause remanded.

We notice some other irregularities in the proceedings as they appear in the record. The summons was in debt $500, and damages, $300; the declaration set forth a judgment for $500 and costs, but laid the damages in $700; and the judgment herein was simply for $350, without indicating whether it was debt or damages.

*Reversed and remanded.*