## WILLIAM J. ENGLISH

*v.*

## CHARLES W. WILKINS *et al.*

*Filed at Ottawa November 9, 1896.*

1. PRACTICE—*construction of words "second term of court," in Practice act.* "The second term of the court" at which a declaration must be filed under section 18 of the Practice act, (Rev. Stat. 1874, p. 777,) in default of which defendant "shall be entitled to judgment," etc., means the next term after that to which the summons is made returnable, where such summons is made effective by service less than ten days before the first day of that term.

2. SAME—*when declaration must be filed in case of delayed service.* A suit brought to the October term of a court which sits monthly, wherein summons is not served "ten days before the return day thereof," (Rev. Stat. 1874, p. 775, sec. 8,) but is served within such ten days, thus rendering the summons effective, is properly dismissed for want of a declaration at the next or November term.

*Wilkins v. English,* 60 Ill. App. 344, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

ENGLISH & HEFFERAN, for appellant.

RICH & STONE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This suit was begun in the circuit court of Cook county October 5, 1894. The summons was made returnable to the October term, beginning on the third Monday, which was the fifteenth day of that month, but was not served until October 10, only five days before the first day of the term. There is a term of that court beginning on the third Monday of each month. The plaintiffs in that suit, who are the appellees here, did not file their declaration in the cause until November 24, which was five days after the beginning of the November term but more than ten

days before the first day of the December term.   No fur-
ther action was taken in the cause until the February
term, 1895, when, on motion of the plaintiffs, the defend-
ant was defaulted and judgment rendered against him
for the amount of the plaintiffs' demand.   Afterward, at
said February term, upon motion of the defendant, sup-
ported by affidavit claiming that he had a complete de-
fense to said cause, the court set aside the default and
judgment and dismissed the plaintiffs' suit at their costs,
on the ground that the declaration was not filed within
the time required by law,—that is, was not filed ten days
before the November term, 1894, which, according to the
ruling of the court, was the second term after the com-
mencement of the suit.   On appeal the Appellate Court
reversed the judgment of the circuit court and remanded .
the cause, with directions to set aside and vacate the
order setting aside and vacating. the default and judg-
ment and dismissing the suit, thereby leaving the judg-
ment against the defendant in full force and effect.   From
this judgment of reversal said defendant prosecutes this
appeal.

The question here is, which was the "second term of
the court," within the meaning of the statute,—the No-
vember term, as held by the trial court, or the December
term, as held by the Appellate Court?   The eighth section
of the Practice act provides, that if it shall not be in the
power of the sheriff or coroner to serve a summons ten
days before the return day thereof he may execute the
same at any time before or on the return day, but if not
served ten days before the return day thereof the de-
fendant shall be entitled to a continuance and shall not
be compelled to plead before the next succeeding term.
The eighteenth section of the same act, so far. as appli-
cable to the case, is as follows:   "If the plaintiff shall
not file his declaration, together with a copy of the in-
strument of writing or account on which the action is
brought, in case the same be brought on a written in-

strument or account, ten days before the court at which
the summons or *capias* is made returnable, the court, on
motion of the defendant, shall continue the cause at the
cost of the plaintiff, unless it shall appear that the suit
was commenced within ten days of the sitting of the
court, in which case the cause shall be continued with-
out costs, unless the parties shall agree to have a trial;
and if no declaration shall be filed ten days before the
second term of the court the defendant shall be entitled
to a judgment, as in case of a non-suit."

In *Herring* v. *Quimby*, 31 Ill. 153, it was held that the
summons referred to in the statute is the process which
is served on the defendant, and not necessarily the first
process issued in the cause, but it may be an *alias* or
*pluries* or a subsequent writ.   The effect of that decision
is, that the plaintiff must file his declaration ten days
before the next term after the term to which the process
which is served on the defendant is made returnable.
In that case there were successive writs issued which
were not served, and the only question was whether or
not the statute should be construed as referring to the
first writ issued though not served, or to the subsequent
one which was served, and it was there said (p. 156):
"What event is referred to, after which the second term
shall occur, ten days before which the declaration shall
be filed?   There can be no doubt that the same event is
referred to in this last clause as in the first, which re-
quires the declaration to be filed ten days before the first
term of the court, to save a continuance.   That event
is the issuing of the summons or *capias*,"—that is, the
summons or *capias* actually served.   In other words, the
"summons" mentioned in said section of the statute was
construed to mean the summons which was served, and
not any prior process which had not been served.   But
as the summons there held to have been the one meant
by the statute was served more than ten days before the
term to which it was returnable, the precise question

here was not presented or considered, and it could not have been intended by anything that was there said to decide that the term to which the summons served was returnable would not be the first term, unless the summons was served ten days before that term. We are satisfied that by the phrase "second term of the court" the statute means the next term after the term to which the process which becomes effective by service is returnable. This view is in harmony with what was said in *Downey* v. *Smith*, 13 Ill. 671, that "the object of the statute is to hasten proceedings, and not allow a plaintiff to keep a defendant attending on court from term to term without apprising him of the nature of the complaint against him." And it was there held that the plaintiff was not excused from filing his declaration ten days before the second term of the court because such second term was not in fact held.

The question involved was in effect decided by this court in *Howell* v. *Albany City Ins. Co.* 62 Ill. 50. Several different suits were disposed of by the decision rendered in that case. The process served in each suit was issued October 1, 1870, and was returnable to the November term of the LaSalle circuit court, the first day of which term was November 7. Some of these writs were served on the 28th and some on the 29th day of October. Those served on the 28th were served ten days and those served on the 29th only nine days before the October term. It was there said: "The same question is presented in all the foregoing cases. Appellants commenced their several suits against the insurance companies, and had summons issued in each case, returnable to the November term, 1870. The cases were then in court. * * * The next term after the term to which the summons was made returnable was held on the 7th day of February, 1871. No declaration was filed, either at the November term or ten days before the February term." At the February term, and before the filing of the declarations, the defendant

moved to dismiss the suits, and the decision of the circuit court in sustaining these motions was approved by this court, and it was further said: "Under the facts, it was the manifest duty of appellants to file their declarations ten days before the February term. Such is the fair construction and plain requirement of the statute. Their omission to do so, by operation of law, must result in a judgment against them. They knew the term at which the summons was made returnable, and should have guarded against the consequences of their negligence. There was no error, therefore, in the dismissal of the suits." In *Waidner* v. *Pauly,* 141 Ill. 442, the construction given to the statute in *Herring* v. *Quimby, supra,* was approved.

It is said by appellees that the defendant was not in court for any purpose at the October term to which the summons was made returnable, for the reason that the process was not served on him ten days before the first day of that term, and that because he could not be compelled to appear or plead at that term, the next or November term was the first term at which he might have been defaulted or proceeded against in any manner, and that therefore the November term would be the term meant by the first clause of the statute, and the December term the "second term of the court" under the second clause of the statute and the one ten days before which the declaration must have been filed to avoid "a judgment, as in case of non-suit." The argument of counsel might be sufficient to induce a change in the statute by the department having the power to make such change, but we regard the statute, and the interpretation of it by previous decisions of this court, as too plain to authorize a different construction than the one here given to it. All statutory provisions of this character are, in application to particular cases, apt to appear more or less arbitrary. It may, however, be said, that as it is the object of the statute to hasten the proceedings no just reason can be seen why the plaintiff should not file his

declaration at least ten days before the second term, not-withstanding the defendants may have been served with process less than ten days before the first term.

The judgment of the Appellate Court is reversed and the judgment of the circuit court is affirmed.

*Judgment reversed.*