## THE CHICAGO CITY RAILWAY COMPANY

*v.*

### BRIDGET ROACH.

*Opinion filed June 17, 1899.*

INSTRUCTIONS—*instruction that questions of due care and negligence are for the jury need not state rules for guidance.* An instruction that whether the plaintiff used due care and the defendant was guilty of negligence are questions of fact for the jury need not state the rules of law for the guidance of the jury in determining those questions, where such rules are presented in the other instructions.

*Chicago City Railway Co.* v. *Roach,* 76 Ill. App. 496, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

JAMES W. DUNCAN, and WILLIAM J. HYNES, for appellant.

FRED H. ATWOOD, and FRANK B. PEASE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Appellate Court has affirmed a judgment of the circuit court of Cook county in a suit brought by appellee, against appellant, to recover damages for a personal injury, and thus settled all questions of fact necessary to a recovery in favor of appellee. Appellant insists on this its further appeal that errors of law are shown by the record which should operate to reverse the judgment.

The declaration charged that appellant negligently and carelessly moved and operated its cars at a high and dangerous rate of speed around the curve on its track at the intersection of Lake and State streets, in the city of Chicago, and by reason thereof ran against and struck a wagon and knocked the same against the plaintiff, whereby she was greatly injured. There was a blockade of wagons and teams at this intersection at the time of

the accident, and appellee was on the crossing near the sidewalk, beside a policeman stationed there, waiting for an opportunity to cross, when appellant's cars came around the curve at a speed of about six miles per hour, as testified to by one witness, and the gripman, not seeing or not heeding the policeman's signal to stop, ran the train of cars against a wagon which was passing near the track and threw the same against the plaintiff and knocked her down and injured her. The driver in this wagon had driven over to that side of the street by the direction of the policeman in his efforts to clear the crossing, but that fact is not important here, unless it were made so by the refusal of the court to give a certain instruction asked by the defendant, and we find no error in such refusal.

While appellant has discussed certain minor questions relative to the admission and exclusion of evidence on the trial, the principal errors alleged and insisted upon relate to the giving of certain instructions at plaintiff's request and in refusing to give others requested by the defendant. In respect to the admission or rejection of evidence it is sufficient to say that no error of sufficient importance to require discussion, much less a reversal, was committed. The instructions given for plaintiff, and here complained of, were as follows:

1. "You are instructed, as a matter of law, that the question of whether or not the plaintiff exercised ordinary care for her personal safety before and at the time of the occurrence of the injury complained of is a question of fact, to be determined by you from the evidence.

2. "You are further instructed, as a matter of law, that the question of whether or not the defendant was guilty of negligence is for your determination upon all the circumstances and facts proven in the case.

3. "You are instructed, as a matter of law, that if you find, from the evidence, that the defendant has been guilty of negligence, and that such negligence caused the injury

to the plaintiff complained of in the declaration, and that before and at the time of such injury the plaintiff was in the exercise of ordinary care for her personal safety, then your verdict will be for the plaintiff."

There was sufficient evidence to go to the jury upon which to base these instructions, and it was certainly true, at the close of the evidence, that whether or not the plaintiff was at the time of the injury using due care for her own safety, and whether or not the defendant was guilty of negligence, as alleged, were both questions of fact to be determined by the jury. True, in determining these questions the jury were bound to observe the rules of law as stated to them by the court in its instructions, but it was not necessary that such rules for the guidance of the jury should be stated in the same instructions. The court, at the request of the defendant, properly instructed the jury as to the burden of proof, and that the plaintiff must prove the negligence charged by a preponderance of the evidence. The instructions given at the instance of the defendant covered a wide range, including the same ground covered by those given at the instance of the plaintiff, but were more specific, and it is difficult to see, when all are considered together, how the jury could have been misled. When the instructions are so considered it is clear the jury must have understood that the negligence referred to in plaintiff's instructions was the negligence charged. This being so, the imperfection pointed out is not sufficient cause for reversal.

It is next said that the court refused an instruction limiting the damages, in case of a finding for the plaintiff, to a just compensation for the injury sustained by the plaintiff, as shown by the evidence. The court, however, instructed the jury that there was no claim in the case that the injury was the result of willfulness or wantonness of the defendant or its servants, and that under the pleadings and evidence they could not allow exemplary damages. Besides, it is not complained of or assigned

for error that the damages were excessive, and the said instruction refused had reference to no other question in the case. The damages were assessed by the jury at $2000, from which plaintiff remitted $500 and judgment was entered for the balance.

It is also assigned as error that the court overruled the defendant's motion in arrest of judgment. This motion was based upon the supposed defect shown by the record that the suit was begun in 1891 and the declaration was not filed ten days before the second term of court, and not until April, 1894. It does not appear that the defendant was served with summons before April 21, 1894. The declaration was filed four days before that date. There was therefore no defect in the record, even if such a question could be raised in this manner. *Herring* v. *Quimby,* 31 Ill. 153; *Waidner* v. *Pauly,* 141 id. 442; *English* v. *Wilkins,* 163 id. 542.

Finding no substantial error in the record the judgment will be affirmed.

                                        *Judgment affirmed.*