## Brunswick-Balke-Collender Co. v. P. H. O'Donnell, Adm'r, etc.

1.  NEGLIGENCE—*Of an Attorney Attributed to His Client.*—The negligence of an attorney is the negligence of the party by whom he is employed.

2.  PRACTICE—*Setting Aside Judgments on the Ground of the Negligence of an Attorney.*—Whether a court will set aside a judgment on the sole ground of the neglect, carelessness or mistake of the attorney for the party against whom it was rendered, is a matter of sound legal discretion.

3.  APPELLATE COURT PRACTICE—*Interfering with the Discretion of the Trial Court.*—A reviewing court will not interfere with the discretion exercised by the judge of a trial court in refusing to set aside a judgment, except when it is manifest that such discretion has been abused, to the wrong and injury of the party against whom such judgment was rendered.

**Motion** to open a default, set aside a judgment and allow the defendant to plead.    Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1901.    Affirmed.    Opinion filed April 18, 1902.

This is an appeal from an order and judgment of the Superior Court of Cook County, overruling the motion of the defendant asking that a default be opened, judgment set aside, and the defendant allowed to plead.    The action was commenced by issuing summons on the 21st day of August, 1900; this summons was served, and a declaration was thereafter filed.    The defendant placed its case in the

hands of Frank J. Canty, an attorney and counselor of this court, who, by reason of the mistake and negligence of a clerk in his office failed to file a plea, and on the 8th day of November, 1900, a default was entered. On the 13th day of November, 1900, a jury was called and the plaintiff's damages were assessed at $2,000. Judgment having been entered thereon, at the same term a motion was entered asking the court to open the default, set aside the judgment and allow the defendant to plead. The court overruled this motion, but vacated the judgment; the plaintiff remitted $250, and thereupon judgment was entered for $1,750.

A. B. MELVILLE and F. J. CANTY, attorneys for appellant.

R. FRANKENSTEIN, attorney for appellee; C. STUART BEATTIE, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This action was brought for the benefit of the next of kin of a child—some eight years old—resulting from the alleged wrongful act of appellant.

Appellant had left in an alley a wagon rack leaning up against the wall of a building. The leaving of this rack in such place was in violation of chapter 61, article 1, section 1881 of the ordinances of the city of Chicago. According to affidavits introduced by appellant upon the motion to set aside the judgment, the rack leaned against the wall in such a manner that it could not fall " unless it was pushed out from the building by some force; " that the rack was about twenty feet long and five feet wide; that the deceased " in climbing around the rack pushed it away from the building; he and the rack fell over and part of it hit him on the head."

The failure to file a plea arose, not from an inevitable accident, but rather, as appears from appellant's affidavits, from the disobedience of orders and the negligence of a clerk in the office of appellant's attorney.

It does not appear that appellant's attorney is not pecuniarily able to respond to any claim appellant may have against him for the negligence in his office.

The negligence of an attorney is the negligence of the party by whom he was employed. Generally, the courts have steadily refused to set aside a judgment on the sole ground of the neglect, carelessness or mistake of the attorney for the party against whom it was rendered.

Whether a court will do so is a matter of sound legal discretion. Black on Judgments, Sec. 341–354; Schroer v. Wessel, 89 Ill. 113; Thielmann v. Burg, 73 Ill. 293; Mendell v. Kimball, 85 Ill. 582.

A reviewing court will not interfere with the discretion exercised by the trial judge in refusing to set aside a judgment except when it is manifest that the discretion has been abused to the wrong and injury of the defendant. Peoria & R. I. Ry. Co. v. Mitchell, 74 Ill. 394; Union Hide & Leather Co. v. Woodley, 75 Ill. 435; Hall v. First National Bank of Emporia, 133 Ill. 234–244; Hinckley v. Dean, 104 Ill. 630–638; Smith v. Grapple, 17 Ill. App. 595.

We can not say that the discretion of the court was abused to the injury of appellant. Judgment affirmed.