## James Collier v. Mrs. W. L. Grey.

1. STATUTES—*Sec. 18, Ch. 110, R. S.*—The object of Sec. 18, Ch. 110, R. S., which provides that unless the declaration is filed ten days before the term of court at which the summons is made returnable, the defendant may have a continuance, "and if no declaration shall be filed ten days before the second term of the court, the defendant shall be entitled to a judgment, as in case of a non-suit," is to hasten proceedings and not to allow a plaintiff to keep a defendant attending on court from term to term, without apprising him of the nature of the complaint against him.

2. APPELLATE COURT PRACTICE—*Pleas in Abatement.*—Rule 17 provides that "in all cases in this court where the defendant in error or appellee desires to plead and not join in error, he shall file his plea in the office of the clerk at least five days before the cause stands for trial."

Trespass on the Case.—Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the March term, 1902. Reversed and remanded. Opinion filed December 11, 1902. Rehearing denied and modified opinion filed January 26, 1903.

Plaintiff in error filed a præcipe in an action on the case against the defendant in error November 20, 1900. · A summons was issued the same day, but was never served. March 1, 1901, the defendant, by her attorney, entered a special appearance in this cause for the sole purpose of moving the court to dismiss the suit for failure of the plaintiff to file his declaration, as by statute required. Such motion was made on the same day, and the suit was dismissed for the reason aforesaid, and a judgment for costs was entered against the plaintiff, without notice to or

knowledge of the plaintiff. A new summons was afterward taken out, which was served upon the defendant July 26, 1901. A declaration was filed herein August 8, 1901. This writ of error is brought to set aside such order of dismissal, and judgment thereon. April 22, 1902, defendant filed a plea in abatement to the writ of error.

W. S. Johnson, attorney for plaintiff in error.

McCordic & Sheriff, attorneys for defendant in error.

Mr. Presiding Justice Ball delivered the opinion of the court.

Sec. 18, Ch. 110, R. S., "Practice" provides, in effect, that unless the declaration is filed ten days defore the term of court at which the summons is made returnable, the defendant may have a continuance; "and if no declaration shall be filed ten days before the second term of the court, the defendant shall be entitled to a judgment, as in case of a non-suit." When the motion to dismiss this suit was allowed the defendant had not been served, nor had her appearance been entered except specially for the sole purpose of making the motion to dismiss the suit.

The defendant, in making the motion to dismiss the suit, did not interpret the statute correctly.

"The object of the statute is to hasten proceedings and not to allow a plaintiff to keep a defendant attending on court from term to term, without apprising him of the nature of the complaint against him. If this be the object of the law, and this will not be doubted, then beyond all question the process which is referred to is the one which is served on the defendant." Herring v. Quimby, 31 Ill. 153, 156.

It will thus be seen that for nearly forty years this has been the settled rule of construction. Wilkins v. English, 60 Ill. App. 345; S. C. on appeal, 163 Ill. 542; Emig v. Medley, 69 Ill. App. 199; Chicago City Ry. Co. v. Roach, 180 Ill. 174.

The defendant in error did not file her plea in abatement in apt time, and therefore we can not consider it. Rule 17

provides:  " In all cases in this court where the defendant in error or appellee desires to plead and not join in error, he shall file his plea in the office of the clerk at least five days before the cause stands for trial," etc.   The briefs of defendant in error, under Rule 23, were due April 17, 1902. When that day had come and gone the case stood for trial. The plea in abatement was not filed until April 22, 1902. Because of the limitation of time contained in Rule 17, the right to file such a plea did not then exist.

The judgment of the Superior Court is reversed and the cause is remanded.