## Rosie Lapka, Administrator, v. Chicago City Railway Company.

### Gen. No. 13,759.

PRACTICE—*when dismissal proper for want of prosecution.*   Notwithstanding the defendant has not been served and the time for filing the declaration under the statute has not elapsed, a dismissal for want of prosecution may be justified.   *Held,* under the facts of this case, that the dismissal ordered was justified.

Action on the case.   Error to the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1907.   Affirmed.   Opinion filed March 6, 1908.

**Statement by the Court.** Material facts in this case are in substance that January 7, 1902, the plaintiff in error—hereinafter referred to as plaintiff—filed a *præcipe* in the Circuit Court of Cook county in an action on the case against the defendant. A summons was, it is said, issued but it was never served. No appearance was entered by the defendant until May 13, 1903, when the cause was reached on the trial call of one of the judges of the Circuit Court. No declaration had been filed and the cause had rested for more than a year with nothing on file to show any purpose of prosecuting the suit except the mere *præcipe*. When the cause was reached on May 13, 1903, the defendant by its attorney entered its appearance which was, however, expressly limited "for the sole purpose of moving the court to dismiss said cause," and on motion of defendant's attorney it was "ordered that said cause be and is dismissed at plaintiff's cost for want of prosecution."

Subsequently plaintiff's attorney entered a motion to set aside the order of dismissal and the judgment, which motion after hearing was overruled. Plaintiff's counsel subsequently obtained leave to file affidavits in support of the motion to set aside the order of dismissal. From these affidavits it appears that plaintiff's attorney on the 11th and 12th of May, 1903, was engaged in the actual trial of a cause in the U. S. Circuit Court at Chicago, and that he was required to be in that court the morning of May 13, at 10 o'clock, when the jury not having reached a verdict, he was requested by the judge of that Federal Court to enter into a certain stipulation, which was done. Immediately thereafter, said attorney proceeded at once to the Circuit Court where this cause was on the trial call. He reached said court room at 10:30 A. M. and then he learned the suit had been dismissed for want of prosecution. He immediately moved to have the order of dismissal set aside and the cause reinstated. This motion was continued and heard subsequently on May 26th following. It further appears from the affidavits filed that before going to the U. S. Circuit Court that morning plaintiff's attorney had ar-

ranged to have the cause watched by a reporting agency which undertook to watch cases on the court calls for attorneys. The employee of the said agency who was charged with the duty of watching the present cause on the trial calendar of the Circuit Court that morning, having also to keep watch of a cause pending before Judge Hutchinson of the Superior Court, then sitting on the same floor in the court house and thinking, it is said, the three cases preceding the present cause on the trial calendar of the Circuit Court would take sufficient time to permit of his absence from the Circuit Court room a few moments, stepped into Judge Hutchinson's court room and was absent from the said Circuit Court room not more, it is said, than two or three minutes. Upon his return this cause had meanwhile been reached and dismissed.

H. M. PIERCE, for plaintiff in error.

WM. J. HYNES and WATSON J. FERRY, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged in behalf of plaintiff that the cause should not have been dismissed and that the motion to reinstate should not have been denied for want of a declaration on file, since it is said plaintiff had until ten days before the second term after service of summons on the defendant, to file her declaration or the same time after notice of appearance by the defendant; citing English v. Wilkins, 163 Ill., 542; Johnson v. Noble, 37 Ill. App., 314; Collier v. Grey, 105 Ill. App., 485–486. In the present instance, however, the cause was not dismissed for want of a declaration on file, but was dismissed for want of prosecution.

It is argued that counsel for plaintiff was diligent in watching the case and was not remiss at the time the cause was dismissed; and that a motion for leave to file certain affidavits which it was sought to file on May 27, 1903, after the overruling of plaintiff's motion to reinstate the cause,

was erroneously denied. The question, however, is not merely whether the plaintiff's attorney was diligently endeavoring to be represented in court when the case should be reached on the trial call, but whether he was properly prosecuting the suit. One of the affidavits which the court refused leave to file set forth, among other things, that plaintiff had previously entered into negotiations with defendant for a settlement of plaintiff's claim. We do not regard this as material nor the alleged fact set up in the other rejected affidavit to the effect that plaintiff had a meritorious cause of action. Whatever motive or strategy may have influenced the failure of plaintiff's attorney to cause the defendant to be summoned and to prosecute the suit, such strategy or hope of advantage for the client to be gained by delay, can not effect the fact that there had not been any effort to prosecute the suit. We are obliged to conclude that the Circuit Court committed no error in the exercise of a sound legal discretion when it dismissed the action for want of prosecution. Brunswick-Balke Collender Co. v. O'Donnell, 101 Ill. App., 533–535.

Finding no error the judgment of the Circuit Court must be affirmed.

*Affirmed.*