Henry Ades Fowler, Administrator of the Estate of Jean B. Meyer, Deceased, Plaintiff in Error, v. Chicago Daily News Company, Chicago Railway Company and Chicago City Railway Company, Defendants in Error.

## Gen. No. 23,040.

DISMISSAL, NONSUIT AND DISCONTINUANCE, § 37*—*what construction given words "second term of court" in Practice Act.* The phrase "second term of court" in Hurd's Rev. St. ch. 110, sec. 32 (J. & A. ¶ 8569), providing that if the declaration shall not be filed ten days before the second term of court after the first term at which the summons is made returnable, the defendant shall be entitled to a judgment as in case of a nonsuit, means the next term after the term to which the process which became effective by service is returnable.

Error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded. Opinion filed July 2, 1917.

EARL J. WALKER, for plaintiff in error.

JOHN J. SYMES, for defendant in error Chicago Daily News Company.

FRANK L. KRIETE, for defendants in error Chicago Railways Company and Chicago City Railway Company; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this writ of error it is sought to have reversed a judgment dismissing plaintiff's suit for failure to file his declaration by the second term of court after the summons was returnable.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The *præcipe* was filed July 30, 1915, and summons issued by the clerk on that day. It was not served on any of the defendants. On October 16, 1915, an attorney was given leave to enter his appearance for the defendant Chicago Daily News Company, and upon his motion, without notice to plaintiff, the action was dismissed as to this company for failure of the plaintiff to file his declaration "pursuant to statute." On October 13, 1916, before service of any summons on the defendants Chicago Railways Company and Chicago City Railway Company, the court of its own motion ordered that as the suit had, been dismissed as to the Chicago Daily News Company for failure to file declaration as required by statute, suit also should be dismissed as to the Chicago Railways Company and the Chicago City Railway Company "for plaintiff's failure to file declaration herein within the time provided by law."

Impressed as we are by the able and earnest briefs of counsel for the respective defendants, who present forcibly the potential harm in the practice of commencing a suit but making no effort to serve summons for a long period thereafter, and however desirable it might be to bring an end to such conditions, we have no recourse except to follow what we conceive to be a clear statement of the law.

The statute provides that if the declaration shall not be filed ten days before the second term of court after the first term at which the summons is made returnable, the defendant shall be entitled to a judgment as in the case of nonsuit. Section 32, ch. 110, Hurd's Rev. St. (J. & A. ¶ 8569). It has been settled beyond controversy by our Supreme Court that the "second term of court" means the next term after the term to which the process which became effective by actual service is returnable. In *English v. Wilkins*, 163 Ill. 542, the language of the court is: "We are satisfied

that by the phrase 'second term of the court' the statute means the next term after the term to which the process which becomes effective by service is returnable''; and further, in construing the decision in *Herring v. Quimby,* 31 Ill. 153, the court said in the *English-Wilkins* case, *supra:* ''In other words, the 'summons' mentioned in said section of the statute was construed to mean the summons which was served, and not any prior process which had not been served.''

Peculiarly applicable as expressing our view is the language in *English v. Wilkins, supra,* as follows:

''The argument of counsel might be sufficient to induce a change in the statute by the department having the power to make such change, but we regard the statute, and the interpretation of it by previous decisions of this court, as too plain to authorize a different construction than the one here given to it.''

For the reason above given the judgment of the trial court as to each defendant is reversed and the cause is remanded.

*Reversed and remanded.*