## Daniel Sheehan et al., Appellants, v. Supreme Lodge Knights of Pythias, Appellee.

### Gen. No. 29,557.

1. JUDGMENTS—*placing case on trial call in regular order as error of fact justifying setting aside judgment of dismissal.* The placing of a case upon the trial call when reached in its regular order, notwithstanding that the fraternal order defendant, which was a foreign corporation, had not been served, and four writs had been returned not found and the case was not at issue, was not a misprision of the clerk, justifying the setting aside of an order of dismissal for want of prosecution, upon a motion in the nature of a writ of error *coram nobis*, made after the term, under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89.

2. DISCONTINUANCE, DISMISSAL AND NONSUIT—*when dismissal for want of prosecution proper.* Section 21 of the Practice Act, Cahill's St. ch. 110, ¶ 21, relating to the trial or other disposition of cases in the order in which they are placed on the docket, and providing that no dismissal for want of prosecution shall be had except when a case is actually reached for trial in its order as set for trial, considered, and held that the case in question was properly dismissed for want of prosecution when reached upon the trial call in its regular order, where the suit had been pending almost four years when called for trial, and the defendant, a foreign fraternal organization, had never been served, although service of summons might have been had through the Auditor of Public Accounts of Illinois, and where there was no appearance and the case was not at issue.

Appeal by plaintiffs from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924. Affirmed. Opinion filed June 17, 1925.

CHARLES A. PHELPS, for appellants; M. EDWARD SIMMONS, of counsel.

EDMUND S. CUMMINGS, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

By this appeal, the plaintiffs seek to set aside a judgment of the circuit court entered July 21, 1924,

sustaining a demurrer filed by the defendant to a written motion and affidavit made by the plaintiffs on May 23, 1924, under section 89 of the Practice Act [Cahill's St. ch. 110, ¶ 89], seeking thereby to set aside a judgment entered October 17, 1919, dismissing the plaintiffs' suit for want of prosecution.

The record shows the following: On May 23, 1924, the plaintiffs filed a notice of motion that they would move the court to set aside and vacate a written order entered on October 17, 1919, dismissing the cause for want of prosecution and to reinstate the cause on the docket of the court. Notice of that motion, and a copy of an affidavit, were served upon the defendant through the Director of Trade and Commerce of the State of Illinois, its lawful attorney—under the statute—and was made returnable before Judge Swanson on May 23, 1924. The motion itself was for the setting aside of the order and judgment of dismissal for want of prosecution and for an order directing the clerk to issue summons to the defendant. With that motion was filed an affidavit. The affidavit alleged that the original cause of action was upon a policy of insurance for $2,000, issued by the defendant upon the life of one Timothy Sheehan; that he had died, and as a result the plaintiffs, his beneficiaries, were entitled to recover the amount of the policy from the defendant.

The affidavit further alleged that on July 31, 1915, the plaintiffs commenced a suit against the defendant in the circuit court; that the defendant, Supreme Lodge Knights of Pythias, was a foreign corporation, transacting business in the State of Illinois, but without an agent in the State upon whom process might be served; that although summons was issued on July 31, 1915, the sheriff failed to locate and find the defendant, and returned the summons not found; that on December 12, 1917, an *alias* was likewise returned not found; that on February 7, 1918, a *pluries* was re-

turned not found; that on June 5, 1919, a second *pluries* was returned not found, and a third on June 16, 1919, was returned not found; that no process was served upon the defendant, and the defendant filed no appearance in said cause.

The affidavit further alleged that the case first appeared on the trial call of Judge Torrison on October 16, 1919, as the sixteenth case from the top of the call, as follows: "*B-12976, Sheehan vs. Supreme Lodge K. of P*"; that it likewise appeared on the same trial call on October 17, 1919, as the twelfth case from the top of the call, in the same manner as on the preceding day; that on the last mentioned date, without the knowledge of the plaintiffs and without the knowledge of the affiant, Charles A. Phelps, an order was entered by the court dismissing the suit for want of prosecution, at plaintiffs' costs.

The affidavit further alleged that it was an error and misprision of the clerk of the court to place the cause on the trial calendar for trial, to be called by that court for trial prior to and in advance of service of process upon the defendant to appear and defend; that it was an error and misprision of the minute clerk to call the cause for trial in advance of service of process upon the defendant; that the court was without jurisdiction of the defendant, and it was error to enter an order dismissing the cause for want of prosecution without first having obtained jurisdiction of the person of the defendant, and that consequently the order was and is null and void.

It was further alleged that the cause should not have been placed upon the trial call, docket or calendar, nor upon the trial call of the minute clerk, nor the court docket, trial call, nor upon the calendar for trial without first having acquired jurisdiction of the person of the defendant; that service of process could have been and would have been made upon the defendant if the order of dismissal had not been entered; that it was a mistake of fact for the court to enter an order of dis-

missal without proper service according to law and without jurisdiction of the defendant.

It further alleged that October 17, 1919, was Friday, the last day of the September term of court on which cases are called for trial, and that the first succeeding Monday was the first day of the October term of court; that the affiant, attorney for the plaintiffs, had no knowledge of the dismissal of the cause until after the September term of the court had passed.

It further alleged that on October 14, 1920, after the order of dismissal, the plaintiffs brought another suit against the defendant on the same cause of action, being General No. B-68067, within one year from the date of the dismissal of this cause; that they filed their declaration and obtained service of process upon the defendant therein; that the defendant entered its appearance and filed certain special pleas, setting forth the clause in the contract of insurance that no action at law could be maintained unless suit was commenced within two years from the date of the death of insured, and that the suit was not commenced within two years.

The affidavit prayed that an order be entered vacating and setting aside the order of October 17, 1919, and that the cause be reinstated, and summons issued for service on the defendant.

The record further shows that on July 14, 1923, an oral motion was made to vacate and set aside the order of October 17, 1919, and was continued, and that on December 8, 1923, an order was entered overruling and denying said oral motion of plaintiffs to vacate the order of dismissal of October 17, 1919.

The record also shows that a declaration consisting of the common counts was filed on October 1, 1915, and that the defendant did not file an appearance, nor any pleadings and that no issue was ever joined. On the motion and affidavit of May 23, 1924, the defendant filed an appearance and a demurrer; and on July 21,

1924, the latter was sustained. This appeal is therefrom.

Evidently, the motion that was made was based on section 89 of the Practice Act [Cahill's St. ch. 110, ¶ 89]. That section provides that: "The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by such writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice." The affidavit shows that the reason for dismissal of the suit for want of prosecution was the failure of the attorneys for the plaintiffs to get service of process upon the defendant, and also failure to watch the trial call of Judge Torrison. The affidavit also shows that the defendant was a foreign corporation authorized to transact business within the State of Illinois, but it does not allege that effort was made to obtain service upon the defendant through the Auditor of Public Accounts of Illinois, as might have been done as the statute then provided. Under section 5 of the Fraternal Insurance Act, p. 262, ch. 73, Hurd's Rev. St. 1917 [Cahill's St. ch. 73, ¶ 499] service on the defendant might have been had by serving summons upon the Auditor of Public Accounts, or his successor in office. The affidavit does not state that any effort was made by the plaintiffs to accomplish such service. The affidavit also shows that the case was regularly reached for trial upon the trial calendar of Judge Torrison on October 16, 1919, and was posted in its regular order upon the trial call for that day, and that it remained on that trial call the following day, October 17, 1919, when, being duly called for trial by the court and no one appearing, the suit was dismissed for want of prosecution.

Considering, however, the lapse of time since the suit had been instituted, it would seem that, according to the authorities, the court was fully justified in considering that the plaintiffs had abandoned all effort to prosecute their case.

In *Green v. Union El. R. Co.*, 118 Ill. App. 1, where a cause was dismissed for want of prosecution, the court said: "The fact that no action had been taken in the case for so many months might very well justify the trial court, in the absence of positive information to the contrary, in supposing that the cause was abandoned, and in any event might readily appear a sufficient reason for dismissing it and removing it as dead wood from the dockets." The court there further said: "Under the circumstances, the order of dismissal cannot be regarded as a clerical mistake or misprision, as appellant's attorneys suggest. It does not appear to have been due to any default of the clerk."

And in *Lapka v. Chicago City Ry. Co.*, 139 Ill. App. 133, where the defendant had not been served and the cause was dismissed for want of prosecution, the court said:

"Whatever motive or strategy may have influenced the failure of plaintiff's attorney to cause the defendant to be summoned and to prosecute the suit, such strategy or hope of advantage for the client to be gained by delay, cannot affect the fact that there had not been any effort to prosecute the suit. We are obliged to conclude that the circuit court committed no error in the exercise of a sound legal discretion when it dismissed the action for want of prosecution."

In *Daly v. City of Chicago*, 295 Ill. 276, the Supreme Court quoted with approval from *Hazlehurst v. Morris*, 28 Md. 67, the following:

"Plaintiffs might lie by for years and then bring defendants into court after their witnesses were dead or their proofs lost or destroyed, and obtain judgments against them upon claims not founded in justice and the practice be thus used as a means of injustice and oppression."

And it is further said in the *Daly* case:

"Courts have the inherent power in the interest of justice to dismiss suits for want of prosecution."

The *Green* case, *supra; Sanitary Dist. of Chicago v. Chapin,* 226 Ill. 499.

For the plaintiffs it is also argued that the clerk of the court should not have placed the cause upon the trial call for trial as it was not at issue, no service of process having then been made and the defendant not having entered its appearance, but it was the duty of the clerk of the court to place the cause upon the trial call when it was reached in its regular order. Section 21 of the Practice Act [Cahill's St. ch. 110, ¶ 21] provides that all causes shall be tried or otherwise disposed of in the order in which they are placed on the docket, unless the court for good and sufficient cause shall otherwise direct, and it is further provided that no suit "shall be dismissed for want of prosecution at any time, except when such cause shall be actually reached for trial in its order as set for trial." Those provisions of the statute were, apparently, strictly complied with.

In our opinion, the court did not err in dismissing the suit for want of prosecution, nor did the court err in sustaining the demurrer to plaintiffs' petition to reinstate the case.

The judgment will be affirmed.

*Affirmed.*

O'CONNOR, P. J., and THOMSON, J., concur.