### Clara Beasley, Appellee, v. Nealy Pashea et al., Appellants.

Opinion filed September 19, 1932.

J. B. HARRIS, for appellants.

No appearance for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee recovered a judgment before a justice of the peace on November 13, 1929. Appellants filed their appeal bond with the clerk of the circuit court on December 2, 1929, and the same was approved. A supersedeas was issued and served upon the justice of the peace. No summons was issued or served upon appellee and she never entered her appearance in the circuit court. On March 17, 1931, at the March term of the circuit court, which was the sixth term of the court after the filing of the appeal bond, the court of its own motion entered the following order: "On this day appeal dismissed. Writ of *procedendo* ordered issued."

On the following day, March 18, appellants moved the court to set aside the order dismissing their appeal and to reinstate the cause upon the docket. The motion set out that the appeal was taken by filing an appeal bond in the office of the clerk of the circuit court; that the bond was approved by the clerk and a writ of supersedeas issued and was served upon the justice of the peace; that no summons had ever been served

upon appellee; that there had not been two returns nihil upon a summons and alias summons issued against appellee nor had appellee, 10 days before the March term, A. D. 1931, entered her appearance in writing in this cause.

Appellant contends that under the situation presented the court was without jurisdiction to dismiss the appeal or to make any order in the case adversely to either party. They cite and rely upon seven decisions of the Appellate and Supreme Courts. In each of the cases cited, the appellee had not been served, had not entered his appearance 10 days before the term of court at which the appeal was dismissed, and there had not been two returns nihil. In all of the cases cited, except one, the appeal was dismissed on motion of the appellee and the courts held that it was error to dismiss the appeal on motion of the appellee because he was not in a position to entitle him to make such a motion. The excepted case is *Sutherland v. Lawrence,* 60 Ill. App. 331. In that case the court dismissed the appeal of its own motion and the Appellate Court held it was error, but based the decision upon a case where the motion was made by appellee.

Appellants' contention is that the court could not dismiss the appeal because it had not acquired jurisdiction of the appellee in either of the modes provided by the statute. In a case begun in the circuit court the suit may be dismissed for want of prosecution where there has been no service upon the defendant. *Lapka v. Chicago City Ry. Co.,* 139 Ill. App. 133; *Sheehan v. Supreme Lodge Knights of Pythias,* 237 Ill. App. 530.

Courts have the inherent power, in the interest of justice, to dismiss suits for want of prosecution. *Daly v. City of Chicago,* 295 Ill. 276. For six terms of court after appellants filed their appeal bond, they failed to have a summons issued and served upon appellee. In an action at law begun in the circuit court, the statute

makes it the duty of the clerk to issue a summons, but that does not relieve the plaintiff from responsibility in the matter. He should see to it that a summons is issued and served if he would avoid a dismissal for want of prosecution. We think the same rule should apply in a case like the one at bar. We cannot say that the court erred in dismissing the appeal of its own motion under the circumstances presented by this record. The judgment is affirmed.

*Affirmed.*