## JAMES PRATT

### v.

## RUSSELL GRIMES.

1. PRACTICE — *Time of filing declarations — Necessity for a rule to plead.* Under the statute, where the declaration is not filed ten days before the second term of the court, the defendant is entitled to a judgment as in case of a nonsuit.

2. Undoubtedly this right of the defendant is one which may be waived; but unless it is in some manner waived, he is entitled to the judgment of nonsuit when the declaration is not filed within the time required.

3. Where the declaration is filed after the time thus provided, it is error to enter a judgment by default without a rule, and service of it, requiring the defendant to plead. He should, at least, have an opportunity to be heard before he is considered as having waived his right to a nonsuit.

4. Ordinarily, a party who, without any rule, fails to plead according to the practice of the court, is in default; but a party who is not required to plead cannot justly be said to be in default for not so doing.

WRIT OF ERROR to the Circuit Court of Kendall county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

On the second day of July, 1853, Russell Grimes commenced his action of assumpsit in the court below, against James Pratt, by the issuing of a writ of *capias ad respondendum,* which was duly executed on the day following.

No declaration was filed until March 26th, 1859; eleven days after the declaration was filed, and on the first day of the next term thereafter, a judgment was rendered against the defendant by default, without any rule being taken requiring him to plead, and without any notice to him.

He thereupon sued out this writ of error, and now insists, that by reason of the declaration not being filed in apt time, no judgment by default could properly be rendered against him, at least, without a rule upon him to plead.

Messrs. FULLER & HAM, for the plaintiff in error.

Mr. GEORGE PAYSON, for the defendant in error.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

THIS suit was commenced on the 2d day of July, 1852, but no declaration was filed until March 26th, 1859. The statute provides : " if no declaration shall be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of a nonsuit." Scates' Comp. 253. Unless the defendant had, in some manner, waived the right secured to him by this provision of the statute, he was entitled to the judgment so provided.

Undoubtedly, the right is one which may be waived, but we think a party should, at least, have an opportunity to be heard before he is to be considered as having waived that right.

Eleven days after the declaration was filed, and on the first day of the next term thereafter, a judgment was rendered against the defendant by default, without taking any rule requiring him to plead, and without any notice to him. The record shows no waiver of the defendant's right to have the suit dismissed. We think it was an error in disregarding the condition of the record as it then stood, in entering a judgment by default without a rule and service of it requiring the defendant to plead.

He was not, under the circumstances, in default, and he should have been placed in that situation before a judgment was rendered against him by reason of it. Ordinarily, a party who, without any rule, fails to plead according to the practice of the court, is in default; but a party who is not required to plead, cannot justly be said to be in default for not so doing.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*