# LELAND MOODY *et al.*

*v.*

# HARRIET C. THOMAS.

1. PRACTICE—*failure to file declaration ten days before the second term of court.* Where a defendant is served with summons ten days before the term of court, and no declaration is filed until after the commencement of the next succeeding term, it is error to render a judgment by default against the defendant, with a rule and service of it on him to plead.

2. In such case, it makes no difference that there were other defendants upon whom service was not had, and against whom *alias* summons was issued, but not served. The defendant who is served can not lose his statutory right, in regard to the filing of the plaintiff's declaration, because there are other defendants not served, and who will not be affected by the judgment against him.

3. Where there are several defendants, one of whom is served ten days before the term to which the first summons is returnable, and the others are not served, and *alias* summons is issued against them, it seems that a declaration filed ten days before the return day of the summons which is served, would be sufficient to warrant a judgment by default against them, but not against the one served with the first summons.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. ALLAN C. STORY, for the plaintiffs in error.

Mr. C. F. REMICK, for the defendant in error.·

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Suit was commenced on the 8th day of April, 1873, to the April term, 1873, of the court below, being more than ten days before the first day of that term, and summons was issued to appellants and three others, which was served on appellants on the same day.

By law, the terms of the court commenced on the third Monday in each month, and no declaration was filed in the

cause until the 30th of May, 1873, which was after the commencement of the second term of court held subsequent to the commencement of the suit. The cause remained on docket, no plea being filed or appearance entered by appellants, and no rule to plead being taken upon them by appellee, until the 23d of April, 1874, when she called up the case and took judgment by default against appellants.

Appellants afterwards moved to set aside the default, but the court overruled the motion.

The question is, was it error to render judgment by default against appellants, under these circumstances?

The 38th section of the Practice Act, (2 Gross, 288,) authorizes judgment to be given by default for want of appearance, except in cases where the process has not been served, or declaration filed, ten days before the term of the court. And the 17th section of the same act, (2 Gross, 286,) provides, "if the plaintiff shall not file his declaration, together with a copy of the instrument of writing on account of which the action is brought,   *    *   ten days before the court at which the summons or *capias* is made returnable, the court, on motion of the defendant, shall continue the cause at the cost of the plaintiff, unless it shall appear that the suit was commenced within ten days of the sitting of the court, in which case the cause shall be continued without costs, unless the parties shall agree to have a trial; and if no declaration shall be filed ten days before the second term of the court, the defendant shall be entitled to a judgment, as in case of a *non-suit,*" etc.

Under the same statute, as found in the revision of 1845, it was held, where a declaration was filed after the time thus provided, it was error to enter a judgment by default without a rule, and service of it, requiring the defendant to plead, and it was said: "Undoubtedly, the right is one which may be waived, but we think a party should at least have an opportunity to be heard, before he is to be considered as having waived that right.   *    *    *   The record

shows no waiver of the defendant's right to have the suit dismissed. We think it was an error in disregarding the condition of the record as it then stood, in entering a judgment by default, without a rule, and service of it, requiring the defendant to plead.

"He was not, under the circumstances, in default, and he should have been placed in that situation before a judgment was rendered against him by reason of it. Ordinarily, a party who, without any rule, fails to plead, according to the practice of the court, is in default, but a party who is not required to plead, can not be justly said to be in default for not doing so." *Pratt* v. *Grimes,* 35 Ill. 164. Nor do we perceive that it makes any difference in principle, because parties were made defendants with appellants, who were not served, and against whom *alias* summons was issued. It would, as against them alone, if they had been served and were the only complaining parties, have doubtless been sufficient that a declaration was filed ten days before the return day of the summons which was served upon them. But that case is not now presented. The *alias* summons was not served, and the appellants were served on the day the first summons was issued, and we fail to comprehend how they can lose their statutory rights, in regard to the filing of the plaintiffs' declaration, because there were other defendants not served, and who are unaffected by the judgment against appellants. The statute makes no such distinction, and we know of no rule of construction which authorizes us to make it.

The judgment is reversed and the cause remanded.

*Judgment reversed.*