# William H. Maple
## v.
# Jennie Havenhill.

*Practice—Judgment—Irregular Entry of—Writ* Coram Nobis.

1. The ancient writ of *coram nobis* was used to correct errors of fact, not of law.

2. A court has no authority at a subsequent term to set aside a judgment not void, but irregularly entered at a former term.

3. Where service of process is had ten days prior to a certain term, and no declaration has been filed ten days prior to the succeeding term, it is error to default the defendant, he not having appeared or waived any of his rights.

[Opinion filed November 11, 1890.]

In error to the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Messrs. Armstrong, Reed & Dyche, for plaintiff in error.

Mr. Jesse Holdom, for defendant in error.

The Circuit Court did not err in overruling the motion of plaintiff in error to set aside the judgment after the term at which it was obtained had elapsed.

For authorities in support of this proposition, see Morgan v. Hayes, Breese, 88; Knox v. The Winsted Savings Bank, 57 Ill. 330; Coursen v. Hixon, 78 Ill. 339.

The error complained of would not be amendable at common law by a writ of error *coram nobis*. "Errors *coram nobis* only lie at common law where judgment was erroneous in *matter of fact only* and not in *point of law*, as where defendant, being under age, appeared by attorney, and the plaintiff or defendant was a married woman at the time of commencing suit, or died before verdict, for error in fact is not the error of the judges, and reversing it is not reversing their own judgment." Tidd's Practice, page 1137.

The error complained of, if any, is one of law and not of fact. The right of plaintiff in error to invoke a non-suit by reason of the declaration not being filed ten days before the second term of the court, was a privilege granted to him by the statute. The suit did not abate, *ipso facto*, under the law, but was an advantage that could be taken of by the defendant under the statute by motion only. The judgment, therefore, in no view that could be taken of this case, was or is void. There really is only one question to be decided in this case, and that is, is it distinguishable from the cases of Moody v. Thomas, 79 Ill. 274, and Pratt v. Grimes, 35 Ill. 164, and therefore does not fall within the rule there laid down? It is within the exception to the rule as stated in Pratt v. Grimes, *supra*, as will be shown hereafter. From the record presented to the court, the plaintiff in error can not expect either grace or favor from the court, or the exercise of any degree of equitable clemency in the consideration of his cause.

Waterman, J. On the 28th of October, 1889, Jennie Havenhill began suit in the Circuit Court against William. H. Maple; summons, returnable to the November term, was served on the 8th day of November; this was in time for the November term; no declaration was filed until December 11th. The December term began on the 16th of that month. No plea having been filed, default of Maple was entered January 28, 1890, and, on January 30th, a judgment was taken against him for $2,000.

At the following May term, Maple appeared and asked the court to set aside the default and judgment, filing affidavits in support of said motion, from which it appeared that he examined the files on December 7th, and found no declaration on file; that on the 25th of January he again made search and found a declaration marked filed December 11th; that not until May 23d was he aware that any default or judgment had been entered; that no notice of any execution in the case was ever given him, yet it now appeared that the sheriff, on March 18, 1890, sold, under said judgment, certain real estate, one piece to Edith S. Mitchell, for $1,000, and on

April 15th another piece to Jennie Havenhill for $1,059.43, which sales said Maple asked the court to set aside. The court denied said motions, and this action of the court is assigned as error, as well as the entry of default.

Service having been had ten days prior to the November term, and no declaration having been filed ten days prior to the December term, it was error to enter default and judgment, the defendant not having appeared or waived any of his rights. Pratt v. Grimes, 35 Ill. 164; Moody v. Thomas, 79 Ill. 274. And for this error the judgment must be reversed. Was the judgment void, and therefore ought the court to have set aside the sales made thereunder?

If the judgment was not void, the term at which it was entered having passed, the court had no power to set aside the judgment or sale; if void, the court might have set judgment and sale aside, in order that the court record might no longer speak an untruth. The court had jurisdiction of the subject-matter; it also had jurisdiction of the person; the defendant had been duly served with process, and thereby the court acquired jurisdiction to render a judgment against him; no declaration having been filed as required by statute, its act, thereafter, in rendering judgment against him, was erroneous, but was not of no effect. Mulford et al. v. Stalzenback, 46 Ill. 303; Freeman on Judgments, Sec. 116; Buckmaster v. Carlin, 3 Scam. 104; Swiggart et al. v. Harber et al., 4 Scam. 364, 371; Town of Lyons v. Cooledge, 89 Ill. 529; Rockwell et al. v. Jones et al., 21 Ill. 279; Coal & Mining Co. v. Coal & Mining Co., 111 Ill. 32–38.

Counsel contend that the judgment having been irregularly entered, the court had authority at a subsequent term to set it aside. We do not so understand the rule. With the lapse of the term the court loses all jurisdiction to set aside judgments theretofore entered. Freeman on Judgments, Sec. 96; Cook v. Wood, 24 Ill. 295; Knox et al. v. Winsted Savings Bank, 57 Ill. 330; Becker v. Sauter, 89 Ill. 596; Coursen v. Hixon, 78 Ill. 339.

In the case of so-called "void judgments," the court does not, at a subsequent term, set aside a judgment. Strictly

speaking, there is no such thing as a void judgment; a void judgment is no judgment at all, and the court in dealing with it, in effect, merely wipes off the record an entry that serves no purpose except to mislead. It is suggested that in the case at bar a writ of error *coram nobis* would have lain, and that therefore the court had power to set the judgment aside.

The case is not such an one as would have justified the issue of the writ of *coram nobis.*

The error, as it appears upon the record, is not one of fact, but is one of law. The writ of *coram nobis* was used to correct errors of fact, not of law. Tidd's Practice, 1137; Hawkins v. Bowie, 9 Gill & Johnson, 428.

*Reversed and remanded.*