# F. A. WAIDNER

v.

## JOSEPH PAULY.

*Filed at Ottawa May 12, 1892.*

1. BILL OF PARTICULARS—*its purpose and effect.* The object of requiring the plaintiff to file a bill of particulars is to inform the defendant of the claim he is called upon to defend against, and its effect is to limit and restrict the plaintiff, on the trial, to proof of the particular cause or causes of action therein mentioned.

2. SAME—*subject to amendment.* Although a bill of particulars, when filed, restricts the plaintiff to the particular cause of action therein set forth, it is subject to amendment, as any other pleading.

3. PLEADING—*account stated—variance.* The sum or amount alleged in a count on an account stated is not material, and the precise amount alleged to have been found due need not be proved to avoid a variance. The acknowledgment by the defendant of the sum due creates an implied promise to pay the amount, and it is not necessary to set forth the subject matter of the original debt.

4. PRACTICE—*variance—when urged.* If a variance exists between the allegation of the sum due upon an account stated and the proof, it is the duty of the defendant to specifically urge it on the trial, to the end that it may be obviated by proper amendments. It is too late to urge it on motion for new trial or on error.

5. SAME—*abandoning the common counts—effect.* Where the plaintiff, after the impaneling of the jury, elects to abandon the cause of action under the common counts and rely on the count on an account stated, this will operate as an amendment of the pleadings, and as an abandonment of his bill of particulars for other causes of action. If the effect of this is to surprise the defendant, he may, by showing surprise in fact, be entitled to a continuance.

6. SAME—*failure to file declaration before second term.* If the plaintiff fails to file his declaration ten days before the second term of the court after the defendant is served with process, the defendant, if he has not waived the right, may have the suit dismissed. Until the defendant is brought into court by service or appearance, however, he can not complain of the want of a declaration.

7. The rights of the parties to a suit are reciprocal, so that a party in court can not force his adversary to act until he himself is in a condition to be forced to proceed.

Writ of Error to the Appellate Court for the First District; —heard in that court on writ of error to the Circuit Court of Cook county; the Hon. A. N. Waterman, Judge, presiding.

Messrs. Weigley, Bulkley & Gray, for the plaintiff in error:

The declaration was not filed in time to prevent a dismissal. Practice act, sec. 17; *Pratt* v. *Grimes*, 35 Ill. 164; *Moody* v. *Thomas*, 79 id. 274.

The object of a bill of particulars is to inform the defendant of the particular demands sought to be recovered, and its effect is to limit and restrict the plaintiff to proof of the items therein named. *Morton* v. *McClure*, 22 Ill. 257; *Humphrey* v. *Phillips*, 57 id. 132; *McDonald* v. *People*, 126 id. 150; *Wade* v. *Beasley*, 4 Esp. 7; *Holland* v. *Hopkins*, 2 B. & P. 243; *Matthews* v. *Hubbard*, 47 N. Y. 428; *McVane* v. *Williams*, 50 Conn. 548; *Dean* v. *Mann*, 28 id. 352; *Commonwealth* v. *Giles*, 1 Gray, 468; *Starkweather* v. *Kettle*, 17 Wend. 21; *People* v. *McKinney*, 10 id. 54; *Commonwealth* v. *Snell*, 16 Pick. 326.

There was a variance between the declaration and the proof in respect to the sum due. 1 Chitty's Pl. 317, 359; Estey's Pl. 298; Stephens' Pl. 284; *Illinois Female College* v. *Perry*, 8 Bradw. 188.

Stating the amount under *videlicet* does not relieve a party from proving the precise sum as laid. *Arnfield* v. *Bate*, 3 M. & S. 173; *Spangler* v. *Pugh*, 21 Ill. 85; *Davidson* v. *Johnsen*, 31 id. 523; *Railroad Co.* v. *Rhodes*, 76 id. 285.

The judgment should have been against all the defendants or none. *Distilling Co.* v. *Bradley*, 17 Bradw. 509; *Ritchie* v. *Gibbs*, 7 id. 149; *Brown* v. *Tuttle*, 27 Ill. App. 389; *Gould* v. *Sternburg*, 69 Ill. 531.

Mr. S. M. Meek, for the defendant in error:

There was no error in allowing the plaintiff to discontinue, except as to the special count. On affidavit of surprise a continuance would have been granted.

The declaration was filed in time. *Herring* v. *Quimby*, 31 Ill. 153; *Downey* v. *Smith*, 13 id. 671.

As to the supposed variance, see 2 Saund. 122 b, note 3; 1 Chitty's Pl. 358.

There was but one defendant in court, and hence the judgment was properly against the defendant served.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a suit brought December 17, 1886, and summons issued returnable to the January term, 1887, of the circuit court of Cook county, which was not served. No service was had until December 8, 1887, when a *pluries* summons, issued the day before, was served upon defendant Waidner. On December 21, 1887, a declaration was filed against both defendants, as partners, which consisted of the common counts and an account stated. On the next day, December 22, defendant appeared by attorney and entered a motion to dismiss the suit because the declaration had not been filed ten days before the second term of the court, which was overruled. Plaintiff in error assigns this ruling of the court for error.

Section 17 of the Practice act provides, that "if no declaration shall be filed ten days before the second term of court, the defendant shall be entitled to a judgment as in case of a non-suit." We decided in *Herring* v. *Quimby et al.* 31 Ill. 153, that the term of court contemplated by the statute is that at which the defendant is served. Before the defendant is brought into court he can not be required to plead to the action, and no useful purpose could be served by apprising the defendant of the plaintiff's ground of action when he could not be required to plead. The rights of the parties should be reciprocal. As a general rule of practice, a party in court can not force his adversary to act until he is himself in a condition to be forced to proceed. *Hooper et al.* v. *Smith*, 19 Ill. 53; *Smith* v. *Wilson*, 26 id. 188; *Lehman* v. *Freeman*, 86 id. 208.

The cases of *Pratt* v. *Grimes*, 35 Ill. 164, and *Moody et al.* v. *Thomas*, 79 id. 274, do not overrule *Herring* v. *Quimby, supra.* In those cases there was service on the defendants, or some one or more of them. If the defendant in this case had desired a speedy trial, he undoubtedly might have entered his appearance and taken rule upon the plaintiff to file his declaration. He would then have been subject to the orders of the court. As long as the defendant is not disturbed by the service of process, and placed in a position where he may be proceeded against, he can have no just cause of complaint of the failure of the plaintiff to prepare for trial. We think that the correct construction of the statute was given in *Herring* v. *Quimby, supra.*

A motion was entered for a rule on the plaintiff to file a bill of particulars, which was granted and a bill of particulars filed, which, in the view we take, it is unnecessary to set out here. The defendant Aughinsbaugh was not served. The defendant Waidner filed pleas of non assumpsit and the Statute of Limitations. After the jury were impaneled the plaintiff stated to the court that he elected to rely solely upon the count for an account stated. The defendant objected that the plaintiff was bound by his bill of particulars, and that he must proceed for the cause of action therein set forth. The court overruled the objection, and the cause was tried upon the account stated. The object of requiring the plaintiff to file a bill of particulars is to inform the defendant of the claim he is called upon to defend against, and its effect is to limit and restrict the plaintiff, on the trial, to proof of the particular cause or causes of action therein mentioned. (*Morton* v. *McClure*, 22 Ill. 257; *McDonald* v. *The People*, 126 id. 150; *Humphrey* v. *Phillips*, 57 id. 132.) But before proceeding to the trial of the cause, plaintiff elected to abandon the cause of action under the common counts, and rely on the count on account stated. This operated as an amendment of the pleading and as an abandonment of his bill of particulars for other

causes of action. If the effect of this was to surprise the defendant, he might, by showing surprise, in fact, have been entitled to a continuance of the cause. We understand that although the bill of particulars, when filed, restricts the plaintiff to the particular cause of action therein set forth, it is subject to amendment as any other pleading. If, as before said, the defendant was surprised, the court would undoubtedly have granted him time to meet the case as made by the count upon which plaintiff elected to proceed, and not having availed himself of his right by proper motion or application to the court, he can not now be heard to complain.

It is also insisted that there was a variance in the evidence and the allegations of the declaration in respect of the amount which was alleged to have been found due upon an accounting between the parties. The sum alleged to be due in that count of the declaration is $3500, while the amount the evidence tended to show, and the jury especially found was agreed upon between the parties, was only $2500. If this supposed variance existed, it was the duty of the defendant to have specifically urged it on the trial, to the end that it might have been obviated by proper amendments. This was not done, and it is too late to urge it on motion for new trial or in the Appellate Court. It does not seem, however, that the sum or amount alleged in the count upon account stated is material. It is said by Mr. Chitty: "It is advisable, in all declarations in assumpsit for the recovery of a money demand, to insert a count for an account stated. The acknowledgment by the defendant that a certain sum is due creates an implied promise to pay the amount, and it is not necessary to set forth the subject matter of the original debt, nor is the amount of the sum alleged in the count to be due, material." 1 Chitty's Pl. 358; 2 Saunders' Rep. 122 b, note 3.

The objection that judgment is not against Aughinsbaugh is not well taken. There was no service on or appearance by him. The record recited that some of the motions were made

by the defendants, by their attorneys, etc. These recitals were mere clerical errors, and were properly corrected by the order of the circuit court. Plaintiff in error Waidner being the only defendant in court, judgment was properly entered against him, alone.

Finding no error in the record, the judgment must be affirmed.

*Judgment affirmed.*