SOL. T. FISH ET AL.

v.

RUDI REGEZ.

*Practice Act, Sec. 17.*

1. The right to have a suit dismissed, under the provisions of Sec. 17 of the Practice Act, may be waived by the defendant.

2. In the controversy in question this court holds, in view of the evidence, that there was no waiver on the part of the defendant of the right to dismiss, and affirms the judgment for the defendant.

[Opinion filed November 17, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. NEWMAN & NORTHRUP, for appellants.

Messrs. WILBER, ELDRIDGE & PINNEY, for appellee.

MR. JUSTICE SHEPARD. The statute, Sec. 17 of the Practice Act, provides that "if no declaration shall be filed ten days before the second term of the court, the defendant shall be entitled to judgment as in case of a nonsuit."

The right to have a suit dismissed, under the provisions of the statute just quoted, may be waived by the defendant. Pratt v. Grimes, 35 Ill. 164; Moody v. Thomas, 79 Ill. 274.

Was there a waiver in this case? The suit was begun and summons personally served on defendant February 25, 1892. The next term of the Superior Court to which the summons was returnable, began on the seventh day of March, and the April term, which was the second term, began on April 4th. The declaration was not filed until April 26th.

On May 4th the defendant, by counsel, entered a general appearance in the cause.

On May 12th the court, on motion of defendant's attorneys, dismissed the suit for want of a declaration filed in time, and gave judgment for costs against plaintiffs.

Between the filing of general appearance on May 4th, and the motion to dismiss on May 12th, the defendant made no move in the case. It was during that time that the irregular filing of the declaration during the second term, and not before it, was discovered. The defendant was not in court by virtue of the appearance that was filed, but was there by virtue of the service of the summons previously had upon him. Having taken no steps in the case after the entry of his appearance and it not appearing in the record that he had knowledge of the irregularity in filing the declaration until after his appearance was filed, the mere

fact that his appearance was general, and not special, did not deprive him of the right to move to dismiss the suit because of the declaration not having been filed in time. The motion to dismiss coming in apt time after the discovery of the irregularity, was properly granted. 1 Tidd's Practice, 518; 1 Caine's Rep., 107.

Furthermore, the statute does not abate the suit in case the declaration shall not be filed before the second term, but gives the defendant the right, on his motion, to judgment as in case of non-suit.

A non-suit is usually the result of a failure of the plaintiff to maintain his suit on the merits, and for the obtaining of a judgment upon the merits a limited or special appearance is unnecessary. It is unlike an appearance for the purpose of procuring an abatement of the suit, because of a defective or void writ, or other cause.

The judgment of the Superior Court was right and should therefore be affirmed.

*Judgment affirmed.*