## Imri Dunn v. Theodore Moratz.

1. VEHICLES—*Rights of Passage upon Highways.*—The common law rule as to vehicles upon public highways was that each person should use reasonable care to avoid collision, and the revised statutes require that persons traveling in carriages upon public highways shall turn to the right upon meeting another carriage so as to allow each carriage to pass without interference.

2. PRACTICE—*As to Variances.*—The question of a variance between the allegations and the proof must be raised upon the trial, and the variance pointed out so as to enable the trial court to pass upon it and the plaintiff to obviate it by amendment.

**Trespass and Case.**—Collision upon the public highway. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

L. C. HAY and TIPTON & TIPTON, attorneys for appellant.

ROWELL, NEVILLE & LINDLEY, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This was a suit to recover damages sustained by appellee

in a collision of appellant's horse and buggy with appellee's horse and buggy, occurring when the two were driving in opposite directions on a street in the city of Bloomington. The declaration contained two counts in case and two in trespass. There was a trial by jury resulting in a verdict and judgment in favor of appellee for $150.

The evidence shows that appellee was driving a horse, attached to a buggy, from the west toward the east on Washington street in the night time. It was quite dark and the street lighting was poor. Appellant was, at the same time, driving a horse, attached to a buggy, in the opposite direction on the same street. Appellee was driving slowly, and the appellant rather rapidly. Appellee, hearing and seeing appellant coming, turned to the south side of the street. Appellant's horse, as he reached the locality where appellee was, swayed to the left and ran into appellee's buggy; the front wheels of the buggies "locked," and the single tree and shafts of appellee's buggy were broken. Appellee was thrown over the dash board. His horse, becoming disengaged from the buggy, ran away and against a telephone pole, where he was so injured that it was necessary to kill him.

In our opinion, appellee was in the exercise of ordinary care and appellant was guilty of negligence. Appellant could have seen appellee's horse and buggy had he been on the watch, as was his duty under the circumstances. Appellee was upon the right side of the street; appellant was negligent in permitting his horse to travel on the south side of the street.

The common law rule as to vehicles passing upon public highways was that each person should use reasonable care to avoid collision, and Sec. 77, Chap. 121 of the Revised Statutes requires that persons traveling with carriages upon the public highway shall reasonably turn to the right upon meeting another carriage so as to allow each carriage to pass without interference.

Objection is here made for the first time that there was a variance between the proofs and the allegations in the

declaration. The objection comes too late. The practice in this State is that the question of variance between the allegations and the proof must be raised upon the trial. A party should object to the evidence and move to exclude it upon the trial. The variance should be pointed out so as to enable the trial court to pass upon it and the plaintiff to obviate the objection by amendment. Waidner v. Pauley, 141 Ill. 442; Libby v. Schermann, 146 Ill. 540.

Complaint is made of the first and second instructions given for the plaintiff. They correctly gave the law to the jury. Of the refused instructions tendered by the defendant, those announcing correct principles were substantial duplicates of others that were given. Judgment affirmed.