## John W. Donnelly v. Chicago City Railway Company.

### Gen. No. 12,181.

1. DECLARATION—*when part of files.* A declaration not filed ten days before the second term of court is a part of the files in the cause and the defendant pleading thereto waives any objection to the failure to file the same within the time fixed by statute.

2. INVOLUNTARY NON-SUIT—*when plaintiff has suffered-* An involuntary non-suit is suffered where the suit is dismissed by the court for the plaintiff's failure to file his declaration within ten days before the second term.

Action in case. Error to the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1905. Reversed and remanded. Opinion filed December 14, 1905.

BURTT & KRIETE, for the plaintiff in error.

WILLIAM J. HYNES and WATSON J. FERRY, for defendant in error; MASON B. STARRING, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Plaintiff in error sued defendant in error in case.    The summons was issued September 18, 1897, was returnable to the November term 1897, and was served on the defendant September 21, 1897.    A declaration was filed in the cause October 15, 1897, to which the defendant pleaded the general issue.    The original declaration having been lost from the files, it was restored September 28, 1903, by leave of the court.    January 30, 1899, the defendant pleaded the two years' statute of limitation.    To the latter plea the plaintiff replied, in substance, that within two years after the action accrued, to-wit, August 1, 1895, plaintiff commenced suit in said court against said defendant for said injury, which was the same cause of action set forth in this cause, and that plaintiff, to-wit, February 19, 1897, suffered an involuntary non-suit in said cause, and began this suit within one year after said involuntary non-suit, and that the cause of action in this and in the said former suit is one and the same, etc. In the former suit the summons was issued August 1, 1895, and was returnable to the September term of the court, which commenced the first Monday in September, 1895, and was served on the defendant August 1, 1895; but no declaration was filed in the cause until October 4, 1895.    The defendant, October 8, 1895, entered its special appearance in the former suit, for the purpose of moving that the suit be dismissed, for failure to file a declaration, and so moved, and the court, February 19, 1897, entered an order, whereby, after reciting that the cause was called for trial and that neither party appeared, it was ordered that the cause be dismissed for want of prosecution.

Section 17 of the Practice Act provides as follows:    "If the plaintiff shall not file his declaration, together with a

copy of the instrument in writing or account on which the
action is brought, in case the same be brought on a written
instrument or account, ten days before the court at which
the summons or *capias* is made returnable, the court, on
motion of the defendant, shall continue the cause at the cost
of the plaintiff, unless it shall appear that the suit was com-
menced within ten days of the sitting of the court, in which
case the cause shall be continued without costs, unless the
parties shall agree to have a trial; and if no declaration shall
be filed ten days before the second term of the court, the de-
fendant shall be entitled to a judgment, as in case of non-
suit." Hurd's Rev. Stat. 1903, p. 1402.

October 4, 1895, the declaration was filed in the former
cause, and October 7, 1895, was the first day of the October
term, 1895, of the Superior Court, and by the section quoted
the defendant, not having filed a declaration before the Sep-
tember term to which the summons was returnable, should
have filed one ten days before the commencement of the
October term, in order to prevent a non-suit. It is not con-
tended by the defendant that the cause of action set forth in
the declaration filed in the present cause is not also set forth
in the declaration filed in the former cause, October 4, 1895.
The contention of defendant is, that the declaration in the
former suit, not having been filed in time, is no part of the
record, and cannot be considered in passing on the question
whether the present suit is for the same cause of action as the
former one. The court took this view and instructed the
jury to find for the defendant, which was done, and judg-
ment was rendered accordingly. The declaration filed Oc-
tober 4, 1895, is very clearly, as we think, a part of the files
and of the record of the former cause. The statute does not
peremptorily require that a suit shall be dismissed for failure
to file a declaration ten days before the second term. In
case of such failure, the statute provides "the defendant shall
be entitled to judgment as in case of a non-suit." The de-
fendant could have waived its right to a non-suit. Fish v.
Regez, 46 Ill. App., 428; Pratt v. Grimes, 35 Ill., 164;
Moody v. Thomas, 79 Ib., 274. If a defendant may waive

the omission to file a declaration ten days before the second term, by pleading to the declaration, the declaration must certainly be considered a part of the files and record, as otherwise the defendant would be pleading to a nullity.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*