**George O. Garnsey, Defendant in Error, v. Samuel Schwartz et al., Plaintiffs in Error.**

**Gen. No. 5144.**

JUDGMENT—*when erroneously rendered because declaration not filed in apt time.* It is error to render judgment as upon a default if it appears that the declaration was not filed by the plaintiff within the time required by section 32 of the Practice Act; it not appearing that the defendant waived the requirement that such declaration should be filed within the time required by such act.

Assumpsit. Error to the Circuit Court of Lake county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded. Opinion filed March 11, 1910.

COOKE, POPE & POPE, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a writ of error sued out to reverse a judgment in favor of George O. Garnsey against Samuel

Schwartz and Mary Schwartz rendered at the December term, 1908, of the Lake county Circuit Court. George O. Garnsey on the 5th of December, 1906, began a suit in *assumpsit* in the Circuit Court of Lake County against Samuel Schwartz and Mary Schwartz. The summons was made returnable to the March term of 1907, and was duly served on both defendants more than ten days before the first day of the term at which it was returnable.

At the March term plaintiff not having filed any declaration, the case was continued. The succeeding term of court was the October term, but no orders appear to have been made in the cause at that term. At the December term, which began on the second day of December, the cause was continued for want of a declaration. Afterwards, on the fourth of December, the plaintiff filed his declaration containing the common counts with an affidavit of merits. No order was entered in the case at the March term, 1908. On June 25, 1908, at a special May term a judgment for $460 was rendered against both defendants by default for want of an appearance or plea.

Plaintiffs in error assign for error that the summons having been served in time for the March term, 1907, and no declaration filed until after the second term thereafter, it was error to take a judgment by default, and that the defendants were entitled to a judgment as in case of non-suit. Section 32 of the Practice Act of 1907 provides: "If the plaintiff shall not file his declaration, together with a copy of the instrument of writing or account on which the action is brought, in case the same be brought on a written instrument or account, ten days before the court at which the summons or capias is made returnable, the court, on motion of the defendant, shall continue the cause at the costs of the plaintiff, unless it shall appear that the suit was commenced within ten days of the sitting of the court, in which case the cause shall be continued without costs unless the parties shall agree to have a trial; and if the declaration and copy

of the instrument of writing or account on which the action is brought, shall not be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of a non-suit  *  *  *.''

Section 32 of the present Practice Act is a consolidation of sections five and eight of the former Practice Act of 1845. The defendants were entitled to a non-suit, unless they had in some way waived the right secured to them by the statute. ''Undoubtedly the right was one which may be waived, but we think a party should at least have an opportunity to be heard before he is considered as having waived the right  *  *  *.'' ''He was not, under the circumstances, in default, and he should have been placed in that situation before a judgment was rendered against him by reason of it. Ordinarily, a party who, without any rule, fails to plead according to the practice of the court, is in default; but a party who is not required to plead, cannot justly be said to be in default for not so doing.'' Pratt v. Grimes, 35 Ill. 164; Moody v. Thomas, 79 Ill. 274; Waidner v. Pauly, 141 Ill. 442. Plaintiffs in error not having waived their right to a judgment as in case of a non-suit, it was error to render a judgment against them by default. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*