hand on a rail in front of the car, and the motorman, as soon as he saw the child leave the curb, struck his gong and applied the brake but was unable to stop the car, and the child's hand was injured, *held* that the motorman was not chargeable with negligence.

3. APPEAL AND ERROR, § 1303*—*when presumed that evidence disclosed by photograph not incorporated in bill of exceptions was sufficient to satisfy jury.* Where a photograph was introduced in evidence and considered by the jury but was not incorporated in the bill of exceptions, the evidence is assumed to have been sufficient to satisfy the jury as to the matters shown thereby.

4. TRIAL, § 54*—*when denial of motion to withdraw juror and continue case because of alleged improper conduct of juror is not error.* Where a juror was accused of improper conduct but denied same under oath unequivocally and the court, after considering affidavits by the parties concerned, denied a motion to withdraw a juror and continue the case, *held* that there was no error in such denial.

## Mary R. Beamesderfer, Defendant in Error, v. Anton J. Cermak, Bailiff, Plaintiff in Error.

### Gen. No. 22,648. (Not to be reported in full.)

Error to the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed January 22, 1917.

### Statement of the Case.

Action by Mary R. Beamesderfer, plaintiff, against Anton J. Cermak, bailiff of the Municipal Court of Chicago, defendant, to replevy certain personal property. From a judgment for the plaintiff on default, defendant brings error.

The replevin writ was made returnable to the April term beginning April 12, 1915. The defendant entered

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

appearance March 30, 1915. Plaintiff's declaration was filed May 13, 1915. The May term began May 10, 1915. Defendant did not plead. The case was called for trial February 28, 1916, and, defendant not appearing, he was defaulted and judgment entered.

GURDON WILLIAMS and M. J. O'DONOGHUE, for plaintiff in error.

J. MARION MILLER, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 37*—*when nonsuit proper.* Under section 32 of the Practice Act (J. & A. ¶ 8569), where a declaration is not filed ten days before the term of court next after the term to which a summons is made returnable, the defendant is entitled to a judgment as in case of nonsuit.

2. TRIAL, § 7*—*when case may be called for trial.* It is error to call a case for trial before it is at issue.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.