Staley v. Illinois Threshermen's Mut. Ins. Co., 246 Ill. App. 279.

and it follows, there being no material issue of fact in the case, that the court should have instructed a verdict for appellee.

Finding no reversible error in the record, the judgment of the circuit court of Macon county is affirmed.

*Affirmed.*

## John H. Staley, Appellant, v. The Illinois Threshermen's Mutual Insurance Company, Appellee.

### Gen. No. 8,080.

DISMISSAL AND NONSUIT—*failure to file copy of instrument sued on.* Under section 32 of the Practice Act, Cahill's St. ch. 110, ¶ 32, a defendant has a mandatory right to judgment as in case of a nonsuit, where the plaintiff does not file a copy of the instrument of writing or account on which his action is brought, by ten days before the term of the court after the one to which the summons is made returnable.

Appeal by plaintiff from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 31, 1927.

FOSTER & MORRISSEY, for appellant.

ADLAI H. RUST, for appellee.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

The question in this case is raised as to the construction of section 32 of the Practice Act, Cahill's St. ch. 110, ¶ 32, requiring plaintiff to file, with his declaration, copy of the instrument of writing on which the action is brought, ten days before the second term of court, or suffer judgment of dismissal, as in case of nonsuit. Appellant filed his suit in assumpsit to the

September term, 1925, of the circuit court of McLean county, and summons was served and declaration filed more than ten days prior to that term. The suit is brought to recover loss by fire, based upon a policy of insurance in writing.

At the September term appellee appeared and moved for a continuance, on account of the failure of plaintiff to file with or as a part of the declaration, copy of the instrument in writing sued upon. No further proceedings were had in the case at the November term, 1925, or at the February or April terms, 1926. On September 15, 1926, during the September term, plaintiff, appellant, filed a copy of the instrument upon which the suit was brought, and upon September 28 defendant, appellee, moved to dismiss under the statute. The court dismissed the suit and entered a judgment for costs against appellant and the record is brought to this court for review.

Appellee contends that under the express provisions of section 32 of the Practice Act, Cahill's St. ch. 110, ¶ 32, in which it is provided: "and if the declaration and copy of the instrument of writing or account, on which the action is brought, shall not be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of a nonsuit," there was no alternative open to the trial court to do other than to render the judgment in favor of the defendant, and that said judgment should be affirmed by this court.

Section 32 of the Practice Act, Cahill's St. ch. 110, ¶ 32, provides:

"If the plaintiff shall not file his declaration, together with a copy of the instrument of writing or account on which the action is brought in case the same be brought on a written instrument or account, ten days before the court at which the summons or capias is made returnable, the court, on motion of the defendant, shall continue the cause at the cost of the

THIRD DISTRICT—OCTOBER, 1927.    281

Staley v. Illinois Threshermen's Mut. Ins. Co., 246 Ill. App. 279.

plaintiff, unless it shall appear that the suit was commenced within ten days of the sitting of the court, in which case the cause shall be continued without costs, unless the parties shall agree to have a trial; and if the declaration *and copy of the* instrument of writing or account, on which the action is brought, shall not be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of a nonsuit: *Provided,* that in all suits by capias, where the defendant shall have been arrested, and in replevin and attachment, the plaintiff may be required to file his declaration at the first term, and the defendant may have a trial at such term, unless sufficient cause for a continuance is shown.''

Prior to 1907, the act did not contain in its second part the words underscored as follows: ''and copy of the instrument of writing or account on which the action is brought''; but those words were inserted by amendment to the section by the Legislature at its session in 1907. The act was originally passed in 1827. Prior to the amendment in 1907, it had been held that when no declaration was filed ten days before the second term of court the defendant was entitled to a judgment as in case of nonsuit, and that the trial court had no right to enter any order other than one of nonsuit, if that order was requested (*Waidner v. Pauly,* 141 Ill. 442; *Gibbs v. Crane Elevator Co.,* 180 Ill. 191; *Garnsey v. Schwartz,* 154 Ill. App. 154; *Rubin v. Raynor,* 181 Ill. App. 403; *Beamesderfer v. Cermak,* 203 Ill. App. 294), and under the statute, before the amendment, upon motion, it was necessary to file a copy of the instrument sued upon, unless it was set out *in haec verba* in the declaration. (*Jefferson v. Alexander,* 84 Ill. 278; *Phoenix Ins. Co. v. Stocks,* 149 Ill. 319, and *Lambert v. Jonte,* 28 Ill. App. 591.)

In *Garnsey v. Schwartz, supra,* the plaintiff filed his declaration after the beginning of the second term,

as in the case at bar, and later took a default against the defendant for failure to plead. The court held:

"Section 32 of the present Practice Act is a consolidation of sections five and eight of the former Practice Act of 1845. The defendants were entitled to a nonsuit, unless they had in some way waived the right secured to them by the statute. 'Undoubtedly the right was one which may be waived, but we think a party should at least have an opportunity to be heard before he is considered as having waived the right * * *.' 'He was not, under the circumstances, in default, and he should have been placed in that situation before a judgment was rendered against him by reason of it. Ordinarily, a party who, without any rule, fails to plead according to the practice of the court, is in default; but a party who is not required to plead, cannot justly be said to be in default for not so doing.' *Pratt v. Grimes*, 35 Ill. 164; *Moody v. Thomas*, 79 Ill. 274; *Waidner v. Pauly*, 141 Ill. 442. Plaintiffs in error not having waived their right to a judgment as in case of a non-suit, it was error to render a judgment against them by default. The judgment is therefore reversed and the cause remanded."

In 1907 the Legislature amended this section by authorizing a dismissal of the suit unless *the copy of the instrument of writing or account on which the action is brought* was filed at the same time, or by the second term. For failure to file the declaration by the second term it has been held that the dismissal amounts to an involuntary nonsuit. The question arises as to the intent of the Legislature in making the amendment of 1907. It could not have been amended so that defendants could compel the filing of copies of such instruments, upon motion, as the term of the act afforded defendant that relief before the amendment was made. It seems reasonable to conclude that the purpose of the amendment of 1907 was to render it mandatory that plaintiff file a copy

of the instrument of writing, etc., on which the action is brought, ten days before the second term of the court, the same as the declaration; otherwise, the defendant will be entitled to judgment as provided in the statute. Any other construction of the amendment renders its passage purposeless and its effect void.

The judgment of the circuit court of McLean county will, therefore, be affirmed.

*Affirmed.*