Leo W. Ruedger, Administrator of the Estate of Henry W. Ruedger, Deceased, Appellant, v. The Toledo, Peoria & Western Railway Company and Samuel M. Russell, Receiver of Toledo, Peoria & Western Railway Company, Appellees.

## Gen. No. 7,849.

1.   DISMISSAL AND NONSUIT—*propriety in form of motion to dismiss.* A motion made pursuant to the Practice Act, section 32, Cahill's St. ch. 110, ¶ 32, to dismiss an action for failure to file a declaration in time is not improper as not being presented by a plea of *puis darrein continuance* as being based on a matter arising after the commencement of the suit.

2. DISMISSAL AND NONSUIT—*necessity of formality in motion to dismiss.* A motion to dismiss an action for failure to file a declaration in time, which motion is properly entitled and is based on the Practice Act, section 32, Cahill's St. ch. 110, ¶ 32, is not improper as not having the formality of a plea in abatement.

3. DISMISSAL AND NONSUIT—*denial of motion to dismiss as ground against renewal of motion.* The mere fact that a motion to dismiss an action for failure to file a declaration in time is denied is no reason why the motion should not again be presented.

4. DISMISSAL AND NONSUIT—*delay in making motion to dismiss as waiver of right.* A defendant does not waive a right to have the action dismissed because of a failure to file the declaration in time by failure to object at the first opportunity and waiting until plaintiff's rights are prejudiced by the statute of limitations.

5. DISMISSAL AND NONSUIT—*effect of filing declaration against only one of two defendants.* Where an action is commenced by the filing of a praecipe for summons against two defendants, the filing of a declaration against only one defendant amounts to a dismissal of the other defendant.

Appeal by plaintiff from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1927. Affirmed. Opinion filed January 28, 1928.

A. F. GOODYEAR and ROBERT F. GOODYEAR, for appellant.

FREE F. MORRIS and ROSCOE C. SOUTH, for appellee receiver; JOHN M. ELLIOTT, of counsel.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellant as administrator of the estate of Henry W. Ruedger, deceased, on June 10, 1926, filed a *praecipe* for summons in the circuit court of Iroquois county against appellees, the Toledo, Peoria & Western Railway Company and Samuel M. Russell, receiver. Summons, returnable to the November term, 1926, was served on appellees. On October 30, 1926, a declaration was filed, running against the Toledo, Peoria & Western Railway Company alone. On November 12, 1926, said company filed a plea of the general issue.

On May 16, 1927, being one of the regular days of the March term, appellee receiver, on limited appearance, moved to dismiss said cause as to him, for failure to file a declaration ten days before the second term of the court. On May 28, 1927, appellant asked leave to amend his declaration by adding thereto "the name of the above named defendant, Samuel M. Russell, as the Receiver of the Toledo, Peoria & Western Railway Company, a corporation," etc. The court took under advisement both of said motions.

The March term of said court adjourned June 20, 1927, and the June term opened on June 21. On July 15 at said June term, the court denied the motion of appellee Russell. Thereafter, on July 18, said receiver again moved to dismiss said cause for failure to file a declaration against him ten days prior to the second term of court, as provided by section 32 of the Practice Act, Cahill's St. ch. 110, ¶ 32. On July 20, appellant entered a motion to strike from the files said motion of the receiver. On July 30, 1927, the court denied appellant's motion to strike and on the same day allowed the motion of appellee Russell, filed July 18, to dismiss said cause as to him, for failure to file said declaration, within the time provided by statute. The court also denied the motion of appellant for leave to amend his declaration by adding thereto the name of Samuel M. Russell, receiver, etc., as a party defendant. To reverse said judgment, this appeal is prosecuted.

It is first contended by counsel for appellant that appellee Russell's motion to dismiss was based on a matter arising after the suit had been commenced, "and that under the well-established rules of pleading, should have been presented by a plea of *puis darrein continuance.*"

This point is not well taken, as the motion of appellee Russell was made pursuant to section 32 of the Practice Act, Cahill's St. ch. 110, ¶ 32. The rule contended

for by counsel for appellant has no application in matters of this character.

It is next contended that the motion of appellee receiver "did not give color" etc., in other words, that this motion did not have the formality of a plea in abatement. The motion was properly entitled, and was based on the above-mentioned statute. It was sufficient to raise the question as to whether, under said statute, appellee as such receiver was entitled to have said cause dismissed as against him.

It is next contended that this motion was of a dilatory nature and the court having denied the first motion said receiver had no right to file a second motion. It does not clearly appear why the first motion was not allowed, but the mere fact that the court did not allow the same was no reason why appellee should not again present said motion.

It is also contended that appellee as such receiver waived his right to have said cause dismissed "by failing to object at the first opportunity, and until the rights of the plaintiff were prejudiced by the statute of limitations"; in other words, that it was the duty of appellee receiver, if he expected to enter a motion of this character, to have entered it at the earliest possible moment. No authority based on said statute was cited by counsel in support of this contention. In fact, the authorities are the other way. *Garnsey v. Schwartz,* 154 Ill. App. 154–156; *Rubin v. Raynor,* 181 Ill. App. 403–404; *Beamesderfer v. Cermak,* 203 Ill. App. 294–295; *Staley v. Illinois Threshermen's Mut. Ins. Co.,* 246 Ill. App. 279–281.

Under the holdings of our Supreme and Appellate Courts, the March term of said court would have been the second term, the summons having been made returnable to the November term. *English v. Wilkins,* 163 Ill. 542–543; *Fowler v. Chicago Daily News Co.,* 207 Ill. App. 162–163.

It is further contended by counsel for appellant that appellee receiver was inadvertently omitted from the declaration and that counsel's attention was not directed thereto until the motion of appellee receiver in May, 1927, brought the same to his attention. It seems to be counsel's contention that said receiver had no right to wait until more than one year after the cause of action had accrued and until the statute of limitations had run against the same, before making his motion to dismiss. No authority was cited in support of this contention, and we hold it is not well taken. If a declaration had not been filed as to either of the defendants, it could not be claimed that, even though inadvertently such failure had occurred, it would not be ground for a motion to dismiss for failure to file a declaration as provided by statute. If the rule would apply as to both defendants, we see no reason why it should not apply to one of them.

It should also be observed that appellee railroad company had filed a plea, thereby advising counsel that said receiver had not filed any plea.

The plain reading of the statute supports the position of counsel for the receiver, and the court did not err in dismissing said cause as to him.

Counsel for appellee receiver also insists that appellant, having seen fit to file a declaration against the railroad company alone, it amounted to a dismissal as against appellee receiver. This point is well taken. It has been frequently held that where a plaintiff, in amending his declaration, omits therefrom certain of the defendants sued, it amounts in law to a dismissal of the cause as against such defendants. *Black v. Womer,* 100 Ill. 328–330; *MacLachlan v. Pease,* 171 Ill. 527–531; *Malleable Iron Range Co. v. Pusey,* 244 Ill. 184–200.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*