Party Cab Company for the Use of Minnie E. Hill, Plaintiff in Error, v. Central Mutual Insurance Company, Defendant in Error.

Gen. No. 36,479.

490

Opinion filed May 8, 1933.   Rehearing denied May 20, 1933.

COHEN, TOMAS & COHEN, for plaintiff in error; GEORGE B. COHEN, IRWIN H. GOLDMAN and MORDECAI SHULMAN, of counsel.

WILLIAM LEVINE, for defendant in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

By this writ plaintiff, who brought an action in the name of the Party Cab Company for her use, seeks to reverse an order entered on motion of defendant

which dismissed her suit, as alleged, for failure to file a copy of the instrument sued on as provided by section 32 of the Practice Act, Cahill's St. ch. 110, ¶ 32 (Smith-Hurd Ill. Rev. Stats. 1931, ch. 110, sec. 32). The order was entered on October 15, 1932, and a motion of plaintiff to vacate the same was entered and afterwards denied by the court on October 21, 1932.

The declaration was filed September 1, 1932. It alleged that on April 29, 1931, the Party Cab Company was the owner of certain cabs and engaged in operating them in the streets of the City of Chicago and in carrying persons indiscriminately for hire; that on that date plaintiff was run down by one of these cabs at the intersection of 39th street and Vincennes avenue in Chicago and sustained personal injuries, through the fault of the Party Cab Company in the operation of one of its motor vehicles while engaged in the transportation of passengers for hire upon the streets of Chicago; that she thereafter filed suit in the superior court of Cook county, and that on July 9, 1932, she recovered a judgment against the Party Cab Company in said cause on account of the injuries so sustained for $1,200 and costs; that the judgment was never vacated and is still in full force and effect; that the execution was issued and served on the Party Cab Company on July 27, 1932, but that the judgment, or any part thereof, has not been paid.

The declaration further alleges: "The Party Cab Company at the time of said occurrence in question had all of its motor vehicles or taxicabs covered by bonds in the Central Mutual Insurance Co., Inc., defendant, under Section 42A of the Motor Vehicle Act, of the State of Illinois, that is to say, that all of the cabs in operation by the Party Cab Company on April 29, 1931, and in operation on the streets of the City of Chicago on that date were bonded by the said defendant company in the penal sum of Twenty-five

Hundred ($2500.00) Dollars each in accordance with Section 42A of the Motor Vehicle Act of the Statutes of the State of Illinois. Each of said bonds is conditioned that the owner of said motor vehicle will pay all final judgments recovered against such owner for any injury or death resulting from the negligence of such owner or its agent in the operation of such motor vehicle, provided that the maximum payment shall not exceed Twenty-five Hundred ($2500.00) Dollars, and said defendant company was the surety on each of said bonds. Plaintiff states that Minnie E. Hill did not and the Party Cab Company claims it did not have the motor number or the license number of the cab that caused her injury, but states that said cab that caused the injuries to the said Minnie E. Hill was owned and operated by the Party Cab Company as established by the verdict of the jury and the judgment of the court on that verdict, and the judgment of the court is final and conclusive that the taxicab that caused the injuries to Minnie E. Hill at the time and place in question was one of the cabs of the Party Cab Company, and plaintiff says that the cab was covered by one of the bonds of the defendant company in accordance with the aforesaid Statute made and provided, with the defendant company as surety, and that said bond was in full force and effect at the time of the accident with premiums paid, and all conditions performed required to be performed by the Party Cab Company, and that due and timely notice was given the defendant company of the accident to Minnie E. Hill, and of the claim of said Minnie E. Hill and of the said suit.''

The declaration also averred that a demand had been made on the defendant company to pay the judgment and the demand was refused.

The record requires a construction of section 32 of the Practice Act as amended by an act of 1907, Cahill's

St. ch. 110, ¶ 32. It provides in substance that if the plaintiff shall not file his declaration together with a copy of the instrument of writing or account on which the action is brought ("in case the same be brought on a written instrument or account") ten days before the beginning of the term of court at which the summons is returnable, the cause shall be continued unless the parties agree to have a trial; that "if the declaration and copy of the instrument of writing or account, on which the action is brought, shall not be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of a nonsuit."

It is the contention of defendant that the filing of the copy of the instrument upon which suit is brought is mandatory, and that the failure to file a copy of the instrument sued on gives to defendant an absolute right to a judgment as in case of non-suit. Defendant cites to this point *Staley v. Illinois Threshermen's Mut. Ins. Co.,* 246 Ill. App. 279, where section 32 of the Practice Act, Cahill's St. ch. 110, ¶ 32, was construed. That suit, which was in assumpsit, was brought to the September term, 1925, of the circuit court of McLean county, and the suit was based upon a fire insurance policy. Plaintiff filed a declaration but did not file a copy of the policy and at the September term defendant appeared and made a motion for a continuance on account of plaintiff's failure to file a copy of the policy. There were no further proceedings at the November term, 1925, or at the February or April terms, 1926, but on September 15, 1926, during the September term, plaintiff filed a copy of the instrument, and defendant moved to dismiss under the statute. The motion was granted and judgment for costs entered, and plaintiff appealed. The opinion of the court points out that prior to 1907 the act did not contain in its second part the words, "and copy of the in-

strument of writing or account on which the action is brought,'' but that those words were inserted by amendment to the section by the legislature at its session in 1907; that historically the act was originally passed in 1827; that prior to the amendment in 1907 it had been held that when no declaration was filed 10 days before the second term of court, defendant was entitled to a judgment as in case of non-suit, and that the trial court had no right to enter any order other than one of non-suit, if that order was requested; that by the amendment of 1907 authorizing a dismissal of the suit unless the copy of the instrument of writing or account on which the action was brought was filed at the same time, or by the second term, it was the intention of the legislature to render the filing of a copy 10 days before the second term of the court mandatory, and that otherwise the defendant would be entitled to judgment as provided in the statute. The judgment in that case was affirmed.

It is contended by this defendant that the decision in that case is controlling here. To that proposition we cannot assent for several reasons. In the first place, it is to be noted that the language of section 32, Cahill's St. ch. 110, ¶ 32, expressly limits the cases in which a copy shall be filed to that class of cases in which the action is brought upon a written instrument or account. There is, of course, no claim here that this action is brought upon an account, and we think that as a matter of fact it may plausibly be argued that the basis of action disclosed in this declaration is not a written instrument but the provisions of the statute by virtue of which defendant is alleged to be liable. It may be reasonably argued, we think, that this provision of section 32 with reference to the filing of a copy is not applicable where, as here, the suit is brought by a plaintiff who bases her action not upon a contract to which she is a party, but rather upon the

statutory provision which gives her the right to recover on the bond.

Moreover, the clause inserted in this statute by the amendment of 1907 had existed substantially as a rule of practice by virtue of the statutes of this State for about 100 .years, during which time it had been repeatedly construed by the decisions of the courts. It may be fairly assumed that the legislature in adopting it as a part of an amendment to this section intended to adopt it as it had been construed. Certainly, there is nothing in the language of the section which indicates a contrary intention upon the part of the legislature.

The courts have declared what the purpose of the provision is. In *Benjamin v. Delahay,* 2 Scam. (Ill.) 574, it was held that the object of this provision was to give to defendant notice of the particular demand which plaintiff sought to recover. In *Kimball v. Kent,* 2 Scam. (Ill.) 217, it is found that this provision was formerly section 6 of the Practice Act of 1827 (Gale's Stats. 530), and it was held erroneous to dismiss an action for failure of plaintiff to file a copy without first entering a rule upon him to comply therewith. In *Bogardus v. Trial,* 1 Scam. (Ill.) 63, it was held that the copy was no part of the declaration, and a long line of cases follows that decision. Such has always been the construction of the provision since it was inserted as a part of section 32 by the amendment of 1907, as shown by the case of *Alton Banking & Trust Co. v. Gray,* 347 Ill. 99, where the court re-announced that rule and held that only by bill of exceptions could a court of review be informed of the contents of the copy. Other cases hold that the object of the statute is as fully attained by a literal description of the instrument in the declaration as by the filing of a copy. In *Phenix Ins. Co. v. Stocks,* 149 Ill. 319, it was held in an action on an insurance policy that where a policy

was set up in one count of the declaration it was not necessary to attach a copy of the application which was presumed to be in the possession of the defendant. In *Yeomans & Shedd Hdw. Co. v. Silkey,* 259 Ill. App. 199, it was held that where a copy was set up in any one of several counts of the declaration, it was unnecessary to file a copy.

Applying the law as stated in these decisions to the facts of this case, it appears that the purpose of the provision is that defendant may have notice of the kind of action he is called upon to meet. In this case the declaration does set up, not an exact copy it is true, but all the substantial provisions of the statute and the bond upon which plaintiff relies. The declaration does not state the number of the particular cab by which plaintiff was injured for the reason that she does not know the number. This statute could not have intended that plaintiff should be required to give information concerning matters of which she knows nothing and of which defendant is presumably fully informed. A rule of law does not apply where the reason for the rule does not exist. Of course, it is not reasonable to suppose that it was the intention of the legislature to put plaintiff out of court for failing to file a copy of an instrument which is not in her possession but which is in the possession of defendant.

We hold the rule to be inapplicable to facts such as appear here in this case; that the court erred in dismissing plaintiff's cause of action, and that the order should be reversed and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

McSurely, P. J., and O'Connor, J., concur.