## J. H. Hanson and E. T. Gundloch, trading as Pictorial Bureau, Appellants, v. Dennis J. Egan, Bailiff of Municipal Court of Chicago, Appellee.

### Gen. No. 27,991.

1. REPLEVIN—*right of defendant to alternative judgment on failure of plaintiff to file declaration.* A judgment is properly entered for the defendant in replevin, under the Replevin Act, sec. 22, Cahill's Ill. St. ch. 119, ¶ 22, in the alternative for payment to defendant, a bailiff who was holding the goods under execution at the time of the replevin, of the amount of the execution with costs and interest within ten days or in default thereof for the issuance of a writ *retorno habendo* for the return of the goods with damages, costs and interest, where plaintiff filed no declaration within ten days of the term at which the replevin writ was made returnable or within ten days before the next succeeding term.

2. REPLEVIN—*right to file declaration not optional with plaintiff.* The right to file a declaration in replevin is not optional with plaintiff under the provisions of the Replevin Act, sec. 17, Cahill's Ill. St. ch. 119, ¶ 17, that declarations in replevin may be filed in like manner as other declarations.

3. APPEAL AND ERROR—*presumption of sufficiency of evidence in absence of bill of exceptions.* It will be presumed on appeal that there was sufficient evidence before the trial court to support the findings and judgment, where the findings imply that evidence was introduced and considered by the court, judgment having been entered for defendant as in nonsuit for failure of plaintiffs in replevin to file any declaration, and there is no bill of exceptions on file.

4. APPEAL AND ERROR—*uncertified paper attached to record as bill of exceptions.* A paper attached to the record on appeal, after the certificate of clerk, which is referred to in the abstract as a bill of exceptions, is no part of the record and cannot be considered on appeal.

Appeal by plaintiffs from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed March 19, 1923.

CHARLES E. CARPENTER, GEORGE E. BRANNON and GUY B. REYNOLDS, for appellants.

McELROY & HUDDLESTON, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

By this appeal plaintiffs seek a reversal of a judgment against them in an action of replevin, heard by the court.

The record shows that defendant as bailiff of the municipal court of Chicago was in possession of the property described in the replevin writ (a number of books) by virtue of a writ of execution, and that he was holding said property for the payment of a judgment of $626.17 rendered in the municipal court of Chicago; that plaintiffs took said property from defendant by virtue of a writ of replevin issued on their affidavit. This replevin writ was issued October 26, 1921, and was made returnable on the third Monday of November, which was the first day of the next term of the circuit court. No declaration was filed ten days prior to this term. The following term of the circuit court began on the third Monday of December. No declaration was filed ten days prior to this term and, so far as the record shows, no declaration was ever filed.

Where a declaration is not filed ten days before the term at which summons is made returnable, the case shall be continued, and if the declaration "shall not be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of a nonsuit." Practice Act, ch. 110, sec. 32 [Cahill's Ill. St. ch. 110, ¶ 32]. Defendant filed his general appearance November 7. February 25, 1922, on motion of the attorneys for defendant, the court entered a finding that no declaration had been filed by the plaintiffs either to the November or December term; that at the time the writ was served on the defendant as bailiff of the municipal court he was in rightful and lawful possession of the property by virtue of an execution on a judgment in that court for $626.17 and costs. It was ordered that unless payment was made,

as hereinafter provided, the defendant should have and recover from the plaintiffs the replevined property and his damages with costs and charges; that unless plaintiffs, within ten days, should pay or cause to be paid to the clerk for the use of the defendant $635.17 with interest, a writ of *retorno habendo* should issue for the return of the property replevined. From this plaintiffs prayed an appeal, which was allowed upon filing a bond within thirty days and a bill of exceptions within sixty days.

Such a judgment was authorized by section 22 of the Replevin Act, ch. 119, Illinois Statute [Cahill's Ill. St. ch. 119, ¶ 22], which is as follows:

"If the plaintiff in an action of replevin fails to prosecute his suit with effect, or suffers a nonsuit or discontinuance, * * * judgment shall be given for a return of the property and damages for the use thereof * * *; or if the property was held for the payment of any money, the judgment may be in the alternative that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property."

A similar judgment has been approved in *MacLachlan v. Pease,* 171 Ill. 527.

Section 17 of the Replevin Act [Cahill's Ill. St. ch. 119, ¶ 17] provides that "declarations in replevin may be filed in like manner as other declarations," and it is claimed that this is optional. It has been held to the contrary in *Beamesderfer v. Cermak,* 203 Ill. App. 294; *Smith v. Kennett,* 94 Ill. App. 331.

It is suggested that the trial court heard no evidence and there was no trial upon the merits. The findings imply that there was evidence before the court. No bill of exceptions was filed and we will therefore presume that there was sufficient evidence to support the finding and the judgment. We find attached to the record filed in this court, after the certificate of the clerk, a paper which the abstract refers

to as a bill of exceptions. This paper is not a part of the record and cannot be considered by us.

The record justified the judgment and it is affirmed.

*Affirmed.*

MATCHETT, J., concurs.